HOLESOME, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 6. Argued September 4, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 283.)

* Motion for rehearing denied, without costs, on January 7, 1969.

96

For the plaintiff in error there was a brief and oral argument by *Frank X. Kinast* of Beloit.

For the defendant in error the cause was argued by *Betty R. Brown*, assistant attorney general, and *Robert J. Ruth*, district attorney of Rock county, with whom on the brief were *Bronson C. La Follette*, attorney general, and *William A. Platz*, assistant attorney general.

BEILFUSS, J.   The issue presented is whether the crime of endangering the safety of another by conduct regardless of life, sec. 941.30, Stats., can be an included offense under an information charging first-degree murder, sec. 940.01, as a matter of law.

It must first be noted that the record contains written stipulations to the effect that the written transcript of the testimony not be made a part of the record and that the testimony not be abridged in an appendix. The sketchy statement of facts as it appears above is gleaned from the briefs of the parties.

Because none of the evidentiary facts are before us, we must assume that the evidence presented to the jury was amply sufficient to support the verdict adopted and

returned. This is to say, the defendant did on May 30, 1967, endanger Bobby Gene Selmer's safety by conduct imminently dangerous to Bobby Gene Selmer and evincing a depraved mind, regardless of human life.

The penalty for first-degree murder is life imprisonment, and the penalty of endangering the safety of another regardless of life is a fine of not more than $1,000 or imprisonment of not more than five years or both. Obviously endangering the safety of another is a lesser crime than first-degree murder. The question confronting us then is whether the crime of endangering another under its statutory definition can be a lesser included crime under an information charging first-degree murder in the words of that statute.

The information filed charged: "Thomas Melvin Holesome did feloniously cause the death of Bobby Gene Selmer with intent to kill the said Bobby Gene Selmer."

In support of his position the defendant cites *Matter of McLeod* (1913), 23 Idaho 257, 128 Pac. 1106. The question was whether assault with a deadly weapon was an included crime under an indictment charging murder. The Idaho court stated, at pages 267, 268:

"There can be no contention that an assault is a necessary element of murder. A murder may be committed without any assault whatever. If that be true, an assault with a deadly weapon would not necessarily be included in a charge of murder."

The Idaho statute defining lesser offenses (sec. 7926 Rev. Codes) includes only those necessarily included in the crime charged and attempts to commit the crime charged.

There is no such necessity in sec. 939.66, Stats. This court in *Laev v. State* (1913), 152 Wis. 33, 39, 40, 139 N. W. 416, did not impose this strict limitation:

"It is true that a crime can be committed under sec. 4423 [the higher offense] without committing one under sec. 4438h [the lesser offense] also, but it is utterly im-

possible to commit a crime under sec. 4423 [the higher offense] in the form and manner in which it was committed in this case without also committing one under sec. 4438h [the lower offense]. This being so, and the offenses having sprung from the same transaction and being of the same nature, merely differing in degree, it can make no difference, in determining whether the lesser offense was included in the greater, that other classes of offenses falling under sec. 4423 [the higher offense] might be perpetrated without an offense being committed under sec. 4438h [the lower offense]."

We conclude that an information charging first-degree murder can be sufficient to support a verdict of endangering the safety of another under sec. 941.30, Stats. Based upon the facts as we presume them in this case, the charge of murder quite naturally reduces to a charge of endangering the safety of another. Because there was not sufficient showing that the defendant caused the death, his conduct was endangering the safety of the deceased and, if there was no showing of intent, it was imminently dangerous conduct evincing a depraved mind. We have heretofore stated, under given factual situations, second-degree murder is first-degree murder without the intent to kill. *State v. Kanzelberger* (1965), 28 Wis. 2d 652, 662, 137 N. W. 2d 419 and *Brook v. State* (1963), 21 Wis. 2d 32, 43, 123 N. W. 2d 535. Sec. 940.02 (second-degree murder) and sec. 941.30 (endangering the safety of another) are identical except for the description of the resultant harm. If second-degree murder is a lesser included crime to a charge of first-degree murder it follows that a factual situation showing all of the acts of second-degree murder except death is a lesser included crime in an information charging first-degree murder.

There may well be situations where the facts do not permit a verdict of endangering the safety of another to be submitted to the jury as a lesser included crime to a charge of first-degree murder, but in factual situations such as we assume here it can be.

In the instructions to the jury given by the trial court as to endangering the safety of another (which are a part of the record), the trial court carefully pointed out the elements of the offense as they related to the conduct of the defendant toward the victim named in the information, Bobby Gene Selmer.

It is our opinion that the court properly submitted a verdict of endangering the safety of another (sec. 941.30, Stats.) under an information charging first-degree murder (sec. 940.01) in the words of the statute as a lesser included offense by virtue of sec. 939.66 (1).[1]

The defendant contends that his right under art. I, sec. 7 of the Wisconsin Constitution and the sixth amendment to the United States Constitution, and the due process provisions of both constitutions, to be informed of "the nature and cause of the accusation against him" has been denied.

We are of the opinion that the defendant's right to "demand the nature and cause of the accusation against him" has not been denied him. In order to determine the sufficiency of the charge, two factors are considered. They are, whether the accusation is such that the defendant determine whether it states an offense to which he is able to plead and prepare a defense and whether conviction or acquittal is a bar to another prosecution for the same offense.[2]

The information charges the defendant on a given date "did feloniously cause the death of Bobby Gene Selmer, with intent to kill the said Bobby Gene Selmer."

Prior to the information being filed, a preliminary examination was held wherein sufficient facts were pro-

[1] The state has argued that additional subsections of sec. 939.66, Stats., would also permit submitting endangering as a lesser offense. We do not reach these arguments in view of our conclusion that it was proper under sec. 939.66 (1).

[2] *In re Carlson* (1922), 176 Wis. 538, 546, 186 N. W. 722; *Fink v. Milwaukee* (1863), 17 Wis. 27 (*26); *United States v. Aviles* (D. C. Cal. 1915), 222 Fed. 474.

duced to find probable cause to the charge. At the trial, evidence was produced showing the defendant's acts at the time and place in question as they affected, not anyone, but Bobby Gene Selmer. Because the state was not able to convince the jury that defendant did murder Bobby Gene Selmer it does not follow that defendant had not been informed of the accusation of conduct of a much lesser nature toward the same individual at the same time and place. If the accusation was sufficient, under the facts of this case, to inform the defendant of the charge of the murder of Bobby Gene Selmer it was sufficient to inform him of the lesser charge of endangering the safety of Bobby Gene Selmer.

Again, under the facts of this case, we conclude that endangering the safety of another was a lesser included crime to the charge of murder and one which the defendant was aware of by virtue of the information. The trial concerned the acts of the defendant at a given time and place toward a specifically named individual. A conviction (or an acquittal) is a bar to a subsequent prosecution for the same act. The defendant has not been denied any rights afforded to him by state or federal constitutions.

*By the Court.*—Judgment affirmed.