MARTIN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 110. Submitted under sec. (Rule) 251.54 February 1, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 499.)

For the plaintiff in error the cause was submitted on the brief of *John D. Finerty* and *Samson, Friebert, Sutton & Finerty,* all of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert J. Vergeront,* assistant attorney general.

CONNOR T. HANSEN, J. August 17, 1970, at approximately 5:30 a. m., one Harvey Larson was found dead at the rear of a passageway between dwellings at 1620A and 1624 West State Street in the city of Milwaukee.

On the evening of August 16, 1970, the defendant, one Lois Wilson, the deceased, and several others ultimately arrived at the roof porch at 1620A West State Street. They had been together early in the evening drinking intoxicants and continued doing so after arriving at the residence. Sometime after midnight an altercation occurred on the roof porch between the defendant and Larson. Defendant accused Larson of imposing himself on his "woman." Defendant then cradled his left arm around Larson's neck and hit him in the face or head twice with his right fist. Larson fell to the floor. While on the floor, Lois Wilson kicked him in the middle rib-cage area, and the defendant jumped on his head. Defendant and Lois Wilson then dragged Larson's body down the steps and back into the passage-

way between the two buildings. They left the deceased at the entranceway to the alley and returned to a tavern which they had frequented earlier in the evening.

At the conclusion of the trial, the trial court found that the evidence presented by the state was not sufficient to show the cause of death beyond a reasonable doubt. Therefore, the trial court determined the state had not established a case of first-degree murder. The trial court, however, ultimately found the evidence sufficient to support a conviction of the lesser-included offense of injury by conduct regardles of life, contrary to sec. 940.23, Stats.

*Issue.*

The issue presented on this appeal is whether, as a matter of law, the crime of injury by conduct regardless of life, contrary to sec. 940.23, Stats., can be a lesser-included offense under an information charging first-degree murder contrary to sec. 940.01. Under the facts of this case, we are of the opinion that it is a lesser-included offense.

Sec. 940.01, Stats., provides:

**"First-degree murder. (1)** Whoever causes the death of another human being with intent to kill that person or another shall be sentenced to life imprisonment.

"(2) In this chapter 'intent to kill' means the mental purpose to take the life of another human being."

Sec. 940.23, Stats., provides:

**"Injury by conduct regardless of life.** Whoever causes great bodily harm to another human being by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, may be imprisoned not more than 10 years."

The parties to this appeal have raised no dispute as to the sufficiency of the evidence to sustain defendant's conviction of injury by conduct regardless of life and the issue is not now before this court. However, it would appear that the evidence adduced, believed and rationally considered was sufficient to support the judgment entered. On August 16, 1970, the defendant caused great bodily harm [1] to Larson by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life.

Whether injury by conduct regardless of life is included within first-degree murder requires an analysis of the essential elements of each offense. If first-degree murder contains all the elements of injury by conduct regardless of life, the latter is an included offense and conviction of it is proper though it is not specifically charged in the information. [2]

Sec. 939.66, Stats., provides:

**"Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; or

"(2) A crime which is a less serious type of criminal homicide than the one charged; or

---

[1] "Great bodily harm," as defined by sec. 939.22 (14), Stats., means: ". . . bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily injury." *See also: State v. Bronston* (1959), 7 Wis. 2d 627, 97 N. W. 2d 504, 98 N. W. 2d 468.

[2] *State v. Carli* (1957), 2 Wis. 2d 429, 86 N. W. 2d 434, 87 N. W. 2d 830. *See also:* Remington and Joseph, *Charging, Convicting, And Sentencing The Multiple Criminal Offender,* 1961 Wis. L. Rev., 530, 532, 533.

"(3) A crime which is the same as the crime charged except that it requires recklessness or negligence while the crime charged requires a criminal intent; . . ."

This court, in *Holesome v. State* (1968), 40 Wis. 2d 95, 161 N. W. 2d 283, determined that the crime of endangering the safety of another by conduct regardless of life, sec. 941.30, Stats., was under the facts given, a lesser-included offense of first-degree murder. On page 101, this court stated:

"We conclude that an information charging first-degree murder can be sufficient to support a verdict of endangering the safety of another under sec. 941.30, Stats. Based upon the facts as we presume them in this case, the charge of murder quite naturally reduces to a charge of endangering the safety of another. Because there was not sufficient showing that the defendant caused the death, his conduct was endangering the safety of the deceased and, if there was no showing of intent, it was imminently dangerous conduct evincing a depraved mind. We have heretofore stated, under given factual situations, second-degree murder is first-degree murder without the intent to kill. *State v. Kanzelberger* (1965), 28 Wis. 2d 652, 662, 137 N. W. 2d 419 and *Brook v. State* (1963), 21 Wis. 2d 32, 43, 123 N. W. 2d 535. Sec. 940.02 (second-degree murder) and sec. 941.30 (endangering the safety of another) are identical except for the description of the resultant harm. If second-degree murder is a lesser included crime to a charge of first-degree murder it follows that a factual situation showing all of the acts of second-degree murder except death is a lesser included crime in an information charging first-degree murder."

As stated in *Holesome v. State, supra,* sec. 940.02, Stats. (second-degree murder) and sec. 941.30 (endangering the safety of another), are identical except for the description of the resultant harm.

Sec. 940.02, Stats., provides:

"**Second-degree murder.** Whoever causes the death of another human being by conduct imminently dangerous to another and evincing a depraved mind, regardless of

human life, may be imprisoned not less than 5 nor more than 25 years."

Sec. 941.30, Stats., provides:

**"Endangering safety by conduct regardless of life.** Whoever endangers another's safety by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, may be fined not more than $1,000 or imprisoned not more than 5 years or both."

Sec. 940.23, Stats., under which defendant was convicted, is identical to both secs. 940.02 and 941.30, again distinguished only by the resultant harm. Sec. 940.02 prescribes death; sec. 940.23 prescribes great bodily harm; and sec. 941.30 prescribes endangered safety. The crimes differ only in that proof of less serious consequences suffices for the conviction of the less serious offense.

Under the facts of this case, the charge of murder reduces to a charge of injury by conduct regardless of life. The evidence adduced at trial shows that the defendant struck the deceased two times with his fist on his head or face, knocked him to the porch floor and jumped on his head. These facts distinguish the instant case from *Holesome, supra.* In *Holesome* the evidence established that two people were firing shots at the victim and that his death was caused by a bullet wound. There was no evidence that the fatal bullet was fired by the defendant. If the state had been able to establish that the defendant fired the fatal bullet, he would have been guilty of some degree of homicide; however, there was no evidence that any of the bullets fired by the defendant struck the victim. There being no evidence that the defendant injured the victim, the charge was, therefore, appropriately reduced to endangering the safety of another by conduct regardless of life, sec. 941.30, Stats., rather than injury by conduct regardless of life, sec. 940.23.

In the case now before us, the fact that Larson was found dead in an alleyway some six hours after the defendant and Wilson assaulted him does not prevent a finding that the defendant inflicted injury upon the deceased by conduct regardless of life, contrary to sec. 940.23, Stats.

In *State v. Melvin* (1970), 49 Wis. 2d 246, 181 N. W. 2d 490, this court held that an included offense charge is permissible when the evidence requires the trier of fact to find a disputed factual element in the charged offense which is not required for a conviction of a lesser-included offense, and the trier of fact might find the disputed fact either way. As the trier of fact viewed the instant case, the disputed factual element was whether the injuries inflicted upon the deceased by the defendant caused the death of the victim.

The defendant cites *Eastway v. State* (1926), 189 Wis. 56, 58, 206 N. W. 879, wherein it is stated that:

". . . [I]n order to authorize a conviction for the lesser offense under an information charging the greater, it is necessary that a description of the lesser offense shall remain in the information if the words describing or distinguishing the greater offense be stricken therefrom. *State v. Shear,* 51 Wis. 460, 8 N. W. 287."

The "stricken word" test is not applicable to the instant case. Under sec. 939.66 (1), Stats., the emphasis is on the proof, not the pleading. No such requirement, as stated in *Eastway, supra,* is incorporated into our statutes. While the right to be clearly apprised of the criminal charge is constitutional in scope [3] and cannot be avoided by more simplified rules of modern pleading,[4] the charge is sufficient if the accusation is such that the defendant can determine it states an

---

[3] Art. I, sec. 7 of the Wisconsin Constitution; sixth amendment of the United States Constitution.

[4] *Kinoy v. District of Columbia* (D. C. Cir. 1968), 400 Fed. 2d 761.

offense to which he is able to plead and prepare a defense and whether conviction or acquittal is a bar to another prosecution for the same offense.[5] In *Holesome, supra,* page 103, this court stated:

". . . Because the state was not able to convince the jury that defendant did murder Bobby Gene Selmer it does not follow that defendant had not been informed of the accusation of conduct of a much lesser nature toward the same individual at the same time and place. If the accusation was sufficient, under the facts of this case, to inform the defendant of the charge of the murder of Bobby Gene Selmer it was sufficient to inform him of the lesser charge of endangering the safety of Bobby Gene Selmer."

Therefore because the state was not able to show that the harm inflicted by the defendant upon Larson caused his death, it does not follow that the defendant had not been informed of the accusation of conduct of a much lesser nature toward Larson at the same time and place.

Under the facts of this case, the trial court properly found the defendant guilty of injury by conduct regardless of life, sec. 940.23, Stats., under an information charging first-degree murder, sec. 940.01, as permitted by sec. 939.66 (1).

*By the Court.*—Judgment affirmed.

[5] *Holesome, supra,* page 102.