STATE, Appellant, v. GEORGE, Respondent. [Case No. State 157.]

STATE, Appellant, v. TOLLEFSON, Respondent. [Case No. State 158.]

*Nos. State 157, 158. Argued May 6, 1975.—Decided June 16, 1975.*
(Also reported in 230 N. W. 2d 253.)

For the appellant the cause was argued by *J. Douglas Haag,* assistant attorney general, with whom on the briefs were *Robert W. Warren,* attorney general, and *Bronson C. La Follette,* attorney general.

For the respondent there was a brief and oral argument by *Patrick R. Doyle* of La Crosse.

BEILFUSS, J.   Prior to the preliminary hearings, counsel for the defendants filed motions to dismiss the complaints upon the grounds of duplicity, multiplicity, vagueness and indefiniteness. The trial court dismissed all but count five of the George complaint and all but counts two, five and ten of the Tollefson complaint.

The statute under which George and Tollefson were charged is as follows:

"945.03 **Commercial gambling.** Whoever intentionally does any of the following is engaged in commercial gambling and may be fined not more than $5,000 or imprisoned not more than one year or both:

". . .

"(2) For gain, receives, records or forwards a bet or offer to bet or, with intent to receive, record or forward a bet or offer to bet, possesses facilities to do so."

The complaint against Louis George contained 30 counts of "feloniously, intentionally and for gain," "regularly" through a period of several months, receiving bets on various professional and collegiate athletic events from specifically identified individuals contrary to sec.

945.03 (2), Stats.[1] Only count five identified a specific athletic event, the 1974 Super Bowl, as the subject of the bet. Each of the other counts alleges that the defendant did "receive bets," "regularly," on either "basketball games" (count one), "professional football games" (counts two, three, four, seven, nine, eleven, thirteen, sixteen, twenty-one, twenty-three, twenty-four, twenty-six, twenty-eight, thirty), or "college football games" (counts six, eight, ten, twelve, fourteen, fifteen, seventeen, eighteen, nineteen, twenty, twenty-two, twenty-five, twenty-seven, twenty-nine).

Each count stated a period of time during which bets were received. Only count five alleged the receipt of only one bet, the stated time of its receipt being "on or about January 16, 1974." The time periods during which bets were received, alleged in the complaint, were from on or about: February 15, 1973, to February 30, 1973 [sic] (count one); September 15, 1971, to January 15, 1972 (counts two, eight, nine, fourteen, twenty, twenty-one); September 15, 1972, to January 15, 1973 (counts three, fifteen, sixteen, twenty-two, twenty-three, twenty-five, twenty-six); August 15, 1973, to October 15, 1973 (count four); September 15, 1970, to January 15, 1971 (counts six, seven, thirteen); September 15, 1972, to October 30, 1972 (counts ten, eleven); September 30, 1971, to December 15, 1971 (count seventeen);

---

[1] The verbiage of all counts is not identical, but typical of all counts is Count Two, which is as follows:

"That from on or about September 15, 1971, and regularly through about January 15, 1972, in the City of La Crosse, La Crosse County, Wisconsin, the above named defendant, Louis George, did feloniously, intentionally and for gain receive bets on professional football games from one Casper Anderegg, Jr., contrary to sec. 945.03 (2), Wisconsin Statutes, an offense punishable by a fine of not more than $5,000.00 or imprisonment for not more than one year or both, and against the peace and dignity of the State of Wisconsin, and prays that the defendant be dealt with according to law."

September 30, 1972, to December 15, 1972 (count eighteen); September 30, 1973, to December 15, 1973 (count nineteen); during the month of August, 1973 (count twenty-four); September 15, 1973, to January 15, 1974 (count twenty-eight); and September 15, 1973, to January 1, 1974 (counts twenty-nine, thirty).

The complaint against Robert Tollefson contained 10 counts. Count two charged the defendant with using, between November 1, 1973, and December 30, 1973, "a wire communication facility: to wit, a telephone, for the transmission of information assisting Gerald L. Peterson in placing bets on football games," contrary to sec. 945.03 (7), Stats.

Counts five and ten each charged that Tollefson did "receive a bet" on the 1974 Super Bowl. Each of these two counts specifically identified the bettor, and each count alleged that such bet was received "on or about January 15, 1974."

The remaining counts of the Tollefson complaint charged that he did "receive bets," "regularly," on "football games" (counts one, nine), "professional football games" (counts three, four, eight), and "college football games" (counts six, seven). Each count specifically identified the bettor. The alleged times during which these bets were received were "on or about" November 1, 1973, to December 30, 1973 (count one); November 1, 1972, to January 15, 1973 (count three); September 15, 1973, to January 1, 1974 (count four); September 15, 1972, to January 1, 1973 (counts seven, eight); November 1, 1973, to January 15, 1974 (count nine); and "during the month of November, 1973" (count six).

Generally, where time of commission of a crime is not a material element of the offense charged, it need not be alleged with precision. *Hawkins v. State* (1931),

205 Wis. 620, 624, 238 N. W. 511.[2] However, the scope of the state's latitude in this respect is restricted by due process and by art. I, sec. 7 of the Wisconsin Constitution and the sixth amendment to the United States Constitution which guarantee to an accused the right to be informed of "the nature and cause of the accusation."

In *Holesome v. State* (1968), 40 Wis. 2d 95, 102, 161 N. W. 2d 283, this court stated the test for gauging the adequacy of a complaint in light of such constitutional right:

". . . In order to determine the sufficiency of the charge, two factors are considered. They are, whether the accusation is such that the defendant determine whether it states an offense to which he is able to plead and prepare a defense and whether conviction or acquittal is a bar to another prosecution for the same offense."

Likewise, in *Martin v. State* (1973), 57 Wis. 2d 499, 506, 204 N. W. 2d 499, this court reiterated the same two-pronged test and noted:

". . . the right to be clearly apprised of the criminal charge is constitutional in scope and cannot be avoided by more simplified rules of modern pleading, . . ."[3]

As to the potential for double jeopardy, a problem arises by virtue of the expansive allegations as to time in this case. This is so because, under the state's theory, each of the dismissed counts charges a continuing crime. The established rule, as stated in 1 Wharton's (Ander-

---

[2] *See also: Butler v. United States* (10th Cir. 1952), 197 Fed. 2d 561, 562; *United States v. Antonelli* (1st Cir. 1971), 439 Fed. 2d 1068, 1070; 2 Wharton's (Torcia), *Criminal Procedure* (12th ed. 1975), p. 82, sec. 273.

[3] *See also: Russell v. United States* (1962), 369 U. S. 749, 763, 764, 82 Sup. Ct. 1038, 8 L. Ed. 2d 240; *United States v. DeCesaro* (D. C. Wis. 1972), 54 F. R. D. 596.

son), *Criminal Law and Procedure* (1957), p. 351, sec. 145, is that:

"Only one prosecution may be had for a continuing crime. When an offense charged consists of a series of acts extending over a period of time, a conviction or acquittal for a crime based on a portion of that period will bar a prosecution covering the whole period. . . ."[4]

In *Anderson v. State* (1936), 221 Wis. 78, 87, 256 N. W. 210, this court adopted the following test to determine whether, subsequent to a prosecution on an indictment (or complaint), another prosecution on a different indictment (or complaint) would entail a violation of the right against double jeopardy: if " '. . . "facts alleged under either of the indictments would, if proved under the other, warrant a conviction under the latter," . . .' " double jeopardy is involved. Application of this test to the dismissed counts demonstrates that if a prosecution were conducted on such counts, subsequent prosecutions involving the same parties and the same subjects of betting, during the same time periods, would be barred.

In the George Case, 29 of the 30 counts allege that George received bets for gain regularly from periods of one month to several months from September 15, 1971, to January 1, 1974. The complaints named eight individuals as the bettors. All but one of the eight bettors are named in two or more counts. Several of the counts name the same bettor for the same period of time but identify the bets as being on college football games or professional football games without any identification as to what particular college or professional game.

If the various counts of the complaint allege a series of continuous crimes they are multiplicitous because they

---

[4] *See also: In re Snow* (1887), 120 U. S. 274, 7 Sup. Ct. 556, 30 L. Ed. 658.

divide a single charge (continuous commercial gambling) into several counts. If the several counts allege single bets they are duplicitous in that they join several transactions in a single offense,[5] with the possibility that some but not all members of a jury could believe defendant guilty of one offense and others believe him guilty of another. A guilty verdict of all the jurors could be returned with the whole jury not in agreement as to the essential[6] facts.

An equally difficult problem is presented by the other prong of the *Holesome* test: Do the various counts state offenses to which the defendants can adequately "plead and prepare a defense?" There are two factors inherent in the dismissed counts which could likely contribute to the difficulty of defending the case. The first is that the counts are duplicitous,[7] *i.e.*, each count in reality alleges two or more crimes. Secondly, each count covers an expansive period of time without stating at what point or points during that period the alleged crimes were committed. These factors are, of course, inextricably related. The defendants contend that they cannot prepare a defense because they do not know for what specific acts they are being prosecuted and when during the alleged time periods such acts were committed.

We conclude that if the 29 dismissed counts allege continuous offenses they are faulty because they are multiplicitous. If they allege single offenses they are faulty because they are duplicitous, vague and are not

[5] *See:* Wright, *Federal Practice and Procedure* (1969), Criminal, sec. 142 (Rule 8).

[6] *See: Russell v. United States, supra.*

[7] The state contends that the issue of duplicity is not properly before this court and cannot be raised by the defendants because the county court "expressly rejected" such argument below. However, since a determination that the dismissed counts were duplicitous "would . . . support the judgment or order appealed from," the defendant may have review, without a notice of review, pursuant to sec. 274.12 (2), Stats.

sufficient to afford the defendant a basis to plead or prepare a defense. The same objections apply to the seven counts dismissed in the Tollefson complaint.

The state argues the dismissed counts all allege continuous offenses while the defendants contend the statute as now written does not permit the allegation of a continuous offense but only single bets.

This confusion arises because of an amendment to the statute in 1969. The statute as it is now written is as follows:

> "945.03 **Commercial gambling.** Whoever intentionally does any of the following is engaged in commercial gambling and may be fined not more than $5,000 or imprisoned not more than one year or both:
>
> " . . .
>
> "(2) For gain, receives, records or forwards a bet or offer to bet or, with intent to receive, record or forward a bet or offer to bet, possesses facilities to do so."

Prior to the 1969 amendment, the statute proscribed the receiving, etc., of *bets* or *offers to bet*. The amendment changed bets to *bet* and offers to bet to *offer* to bet.

We perceive no valid reason under the statute as it now appears why an individual cannot be charged with one continuous offense of commercial gambling or one or more individual offenses.[8] The state should be able to elect whether to proceed on a complaint alleging one continuous offense or a single offense or series of single offenses. The defendant, at the election of the state, can be charged with one continuous offense but only one, or with one or more specific individual offenses but not both, for the reasons set forth above.

---

[8] "990.001 (1) **Construction of laws: rules for.** In construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature:

"(1) SINGULAR AND PLURAL. The singular includes the plural, and the plural includes the singular."

The defendant Tollefson contends that the lower court erred in failing to dismiss count two of his complaint, which provides as follows:

"That during the period between November 1, 1973 and December 30, 1973, in the City of La Crosse, La Crosse County, Wisconsin, the above named defendant, Robert Tollefson, did feloniously, intentionally and for gain use a wire communication facility: to wit, a telephone, for the transmission of information assisting Gerald L. Peterson in placing bets on football games with the defendant, Robert Tollefson, contrary to sec. 945.03 (7), Wisconsin Statutes, an offense punishable by a fine of not more than $5,000.00 or imprisonment for not more than one year or both, and against the peace and dignity of the State of Wisconsin, and prays that the defendant be dealt with according to law."

We do not reverse as to that count because no notice of review was filed with respect to such question. However, that count is not materially different from the counts which were dismissed. The time period is expansive (two months), and the count appears duplicitous (although it is ambiguous because, while it alleges that several bets were transmitted, it cannot be determined whether they were transmitted in separate calls). Sec. 274.12, Stats., specifically provides that any respondent, adverse to the appellant, wishing review of any ruling prejudicial to him, must serve a notice of review or be deemed to have waived his right to review. *See also: Hutterli v. State Conservation Comm.* (1967), 34 Wis. 2d 252, 255, 148 N. W. 2d 849; *McPhillips v. Blomgren* (1966), 30 Wis. 2d 134, 145, 140 N. W. 2d 267.

However, before an information is filed as to this count, the state should give consideration to this opinion insofar as it may affect the validity of the information.

*By the Court.*—Orders affirmed.