COURT OF APPEALS
DECISION
DATED AND FILED

April 14, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP174-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2014CF386**

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MICHAEL T. DEWEY,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Monroe County: TODD L. ZIEGLER, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

¶1 KLOPPENBURG, J. A jury found Michael Dewey guilty of thirty-six counts of sexual assault-related charges involving two alleged child victims, T.

and C.[1]  Dewey raises two issues on appeal.  First, Dewey argues that the circuit court erroneously denied his pretrial motion to dismiss most of the counts on the ground that the charging periods for those counts in the first amended information were "too long and disjointed" to allow Dewey to prepare an adequate defense, in violation of his right to due process.  Second, Dewey argues that his trial counsel rendered ineffective assistance by not objecting to jury instructions for five of the counts on the ground that the three non-continuous time periods charged for each of those counts failed to protect his right to a unanimous jury or, alternatively, he argues that this was an error in the jury instructions that warrants discretionary reversal in the interests of justice.

¶2      As to the first issue, we conclude that, considering the applicable factors set forth in *State v. Fawcett*, 145 Wis. 2d 244, 253, 426 N.W.2d 91 (Ct. App. 1988), the charging periods in the first amended information, considered together with the criminal complaint, were reasonable and provided Dewey with adequate notice of the charges against him.  As to the second issue, we conclude that Dewey fails to meet his burden to show that his defense was prejudiced by trial counsel's failure to object to the jury instructions, and that any error in the jury instructions does not warrant discretionary reversal.  Accordingly, we affirm.

## BACKGROUND

¶3      The following procedural and background facts are undisputed.

---

[1] We use initials to refer to the children as victims of the charged crimes, as provided in WIS. STAT. RULE 809.86 (2019-20).

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶4     Dewey was a father figure to two children during his relationship with their mother, from approximately 2002 to 2014. The older child, T., was born in 1999; the younger child, C., was born in 2003. Between 2002 and 2014, Dewey lived with the children and their mother at various times in different residences.

¶5     In October 2014, the two children reported allegations of sexual abuse by Dewey. In November 2014, the State filed a criminal complaint, followed by an information, charging Dewey with thirty-six sexual assault-related counts committed against the two children at various locations and times from 2005 through 2013. Counts 1-28 pertained to T., and counts 29-36 pertained to C. We will address the details of the locations and charging periods for these counts in the discussion below.

¶6     Dewey filed a pretrial motion to dismiss most of the counts on the ground that the charging periods for those counts in the information were too long and disjointed to allow Dewey to prepare an adequate defense, in violation of his right to due process. Alternatively, Dewey asked that the circuit court order the State to more narrowly define the charging periods. The court directed the State to do so, and the State filed a first amended information that more specifically defined the charging periods for some of the counts. The court held a hearing and issued an oral ruling denying Dewey's pretrial motion based on the first amended information, for reasons that we will discuss in detail below.

¶7     A four-day jury trial was held in April 2016. The State filed the final, third amended information during trial, clarifying certain items that are not at issue on appeal. During the jury instruction conference towards the end of the trial, there was a brief discussion about the charging periods that would be read to

3

the jury.  The circuit court relied on the charging periods contained in the third amended information for the jury instructions and the verdict forms, and trial counsel did not object to the jury instructions or the verdict forms.  The jury found Dewey guilty of all thirty-six counts, and he was sentenced on those counts of conviction.

¶8      In 2018, Dewey filed a motion for postconviction relief seeking dismissal of the six counts of repeated sexual assault of a child as multiplicitous and violating Dewey's right to be protected from double jeopardy.  The State did not object, and the circuit court granted the motion.

¶9      In 2020, with this court's permission, Dewey filed a second motion for postconviction relief.  Dewey argued that trial counsel was ineffective for not objecting to the jury instructions for counts 32 through 36 (the crimes against C.) on the ground that the three non-continuous time periods charged for each count failed to protect Dewey's right to a unanimous jury.  The circuit court held a *Machner* hearing in October 2020.[2]  The court issued an oral ruling, followed by a written order, denying the motion in January 2021.

¶10    This appeal follows.

## DISCUSSION

¶11    Dewey raises two challenges to the charging periods.  The first is based on his due process right to prepare an adequate defense and the second is

---

[2] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979) (setting forth requirement for an evidentiary hearing to permit trial counsel to explain alleged errors).

based on ineffective assistance of counsel and his right to unanimous jury verdicts. We address each challenge in turn.

## I. Adequacy of Notice in Criminal Complaint and Information

¶12    Dewey argues that the circuit court erroneously denied his pretrial motion to dismiss most of the counts on the ground that the charging periods for those counts in the first amended information were "too long and disjointed" to allow Dewey to prepare an adequate defense, in violation of his right to due process.    We first summarize the applicable standard of review and legal principles and provide additional background.  We next explain why we conclude that the charging periods in the information, considered together with the allegations in the criminal complaint, are reasonable and therefore provided adequate notice to satisfy Dewey's due process right to plead and prepare a defense.  We then address and reject Dewey's arguments to the contrary.

### A.  Applicable Standard of Review and Legal Principles and Additional Background

¶13    When reviewing the sufficiency of a charge in a criminal complaint and information, courts generally consider "whether the accusation is such that the defendant [can] determine whether it states an offense to which he [or she can] plead and prepare a defense and whether conviction or acquittal is a bar to another prosecution for the same offense." *Holesome v. State*, 40 Wis. 2d 95, 102, 161 N.W.2d 283 (1968).  This has since been referred to as the "*Holesome* test," which, as stated, is comprised of two prongs:  the first pertaining to the constitutional right to notice and the second pertaining to the constitutional

5

protection against double jeopardy.[3]  *See Fawcett*, 145 Wis. 2d at 251-53 (referring to and applying the "*Holesome* test"); *State v. Kempainen*, 2015 WI 32, ¶20, 361 Wis. 2d 450, 862 N.W.2d 587 (same); *State v. Hurley*, 2015 WI 35, ¶41, 361 Wis. 2d 529, 861 N.W.2d 174 (same).[4]

¶14    A court reviews both the criminal complaint and the information in addressing a defendant's motion to dismiss based on inadequate notice, considering "'whether, under the totality of the circumstances, the complaint and information allege facts such that the defendant can plead and prepare a defense.'" *Hurley*, 361 Wis. 2d 519, ¶¶26-27, 31-32 (quoting *Kempainen*, 361 Wis. 2d 450, ¶36).  "[C]ourts are to determine whether a specific complaint and information provide the defendant with adequate notice of the charges on a case-by-case, or count-by-count, basis." *Kempainen*, 361 Wis. 2d 450, ¶20.  Whether the criminal

---

[3] The constitutional right to notice is guaranteed by the Sixth Amendment of the United States Constitution and by Article I, Section 7 of the Wisconsin Constitution, which state in pertinent part: "[i]n all criminal prosecutions, the accused shall enjoy the right … to be informed of the nature and cause of the accusation[,]" U.S. CONST. amend. VI, and "[i]n all criminal prosecutions the accused shall enjoy the right … to demand the nature and cause of the accusation against him[or her,]" WIS. CONST. art. I, § 7.

The constitutional protection against double jeopardy is guaranteed by the Fifth Amendment of the United States Constitution and by Article 1, Section 8 of the Wisconsin Constitution, which state in pertinent part:  "[n]o person shall … be subject for the same offense to be twice put in jeopardy of life or limb[,]" U.S. CONST. amend. V, and "no person for the same offense may be put twice in jeopardy of punishment," WIS. CONST. art. I, § 8.

[4] While the court in *Kempainen* and *Hurley* concluded that the charges in the complaint and information in each of those cases met the "*Holesome* test," the court in each case actually addressed only the first *Holesome* prong, notice, because only that prong was raised as an issue on appeal.  *See State v. Kempainen*, 2015 WI 32, ¶17 n.7, 361 Wis. 2d 450, 862 N.W.2d 587 (explaining that the court did not address the double jeopardy prong of the *Holesome* test because neither the defendant nor the State raised the issue.); *State v. Hurley*, 2015 WI 35, ¶32 n.8, 361 Wis. 2d 529, 861 N.W.2d 174 (same).  Similarly here, Dewey does not raise the double jeopardy issue and therefore we focus our inquiry on the first, notice prong of *Holesome*.

complaint and information provide adequate notice of the charges is a question of law that we review independently. *Hurley*, 361 Wis. 2d 529, ¶¶26-27.

¶15 Pertinent here, "[a] defendant is entitled to be informed of … the underlying facts constituting the offense, including the time frame in which the assault allegedly occurred." *Fawcett*, 145 Wis. 2d at 253 (citations omitted). "However, where the date of the commission of the crime is not a material element of the offense charged, it need not be precisely alleged." *Id.* at 250 (citation omitted). Sexual assault cases do not "require proof of an exact date." *Id.* In particular, child sexual assault cases "often encompass[] a period of time and a pattern of conduct. As a result, a singular event or date is not likely to stand out in the child's mind." *Id.* at 254. Accordingly, in sexual assault cases involving child victims, "a more flexible application of notice requirements is required and permitted. The vagaries of a child's memory more properly go to the credibility of the witness and the weight of the testimony, rather than to the legality of the prosecution in the first instance." *Id.* (citation omitted).

¶16 In order to address the unique circumstances present in cases involving sexual assaults against children, which require the "more flexible application of notice requirements," the *Fawcett* court adopted a seven-factor "reasonableness test" to guide courts in determining whether the charging periods in a complaint and information are sufficient to satisfy the notice prong of *Holesome*. *See Fawcett*, 145 Wis. 2d at 251-54 (examining whether the "charging period set forth in this case is reasonable" such that the defendant was "adequately informed of the charges against him."); *see also Kempainen*, 361 Wis. 2d 450, ¶¶24, 32-41 (agreeing with the *Fawcett* court's use of the "reasonableness" test and applying the seven factors to determine whether the notice prong of *Holesome*

7

was satisfied); ***Hurley***, 361 Wis. 2d 529, ¶¶35-36, 42-53 (same).  The factors of the reasonableness test are:

> (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to have been discovered immediately; (4) the length of the alleged period of time in relation to the number of individual criminal acts alleged; (5) the passage of time between the alleged period for the crime and the defendant's arrest; (6) the duration between the date of the [charging] and the alleged offense; and (7) the ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense.

***Fawcett***, 145 Wis. 2d at 253.  The reviewing court may also "consider any other relevant factors necessary to determine whether a criminal complaint and information provide adequate notice."  ***Hurley***, 361 Wis. 2d 529, ¶36.

¶17     Here, the circuit court reviewed the charging periods in the first amended information, together with the allegations in the criminal complaint, when it considered Dewey's motion to dismiss.  We now provide the charging periods and locations for the counts that Dewey moved to dismiss (excluding the repeated sexual assault of a child counts that were dismissed after trial on other grounds), along with the child's age as found by the circuit court and not disputed.[5]

> Counts 1, 3, and 4: "on or between March 09, 2005 and December 31, 2005," at a residence on East Veterans Street in Tomah; a nine-month period when T. was five and six years old.

---

[5] Dewey did not move to dismiss counts 23 and 25-28, which all alleged one date, September 10, 2013, and one place, the Village of Kendall.

Counts 6-9: "on or between August 01, 2006 and December 01, 2007," at a residence on East Veterans Street in Tomah; a period of one year and four months when T. was six through eight years old.

Counts 10-13: "on or between January 01, 2006 and December 31, 2006," in the Village of Oakdale; a one-year period when T. was six and seven years old.

Counts 14-17: "between November 09, 2010 and February 09, 2011 or between June 16, 2011 and September 02, 2011," at a residence on Hollister Avenue in Tomah; two non-continuous three-month periods when T. was about eleven years old.

Counts 19-22: "on or between September 03, 2011 and September 02, 2012," at a residence on Hollister Avenue in Tomah; a one-year period when T. was about twelve years old.

Count 30: "on or between January 01, 2013 and December 31, 2013," in the Village of Kendall; a one-year period when C. was nine and ten years old.

Counts 32-36: "on or between January 01, 2010 and June 10, 2010 or on or between November 09, 2010 and February 09, 2011 or on or between June 16, 2011 and December 31, 2011," at a residence on Hollister Avenue in Tomah; three non-continuous periods of three through six months each when C. was between six and eight years old.[6]

---

[6] Dewey's motion to dismiss challenged counts 19-22 but he does not challenge these counts in his briefing on appeal. Dewey does not explain this discrepancy; nor does he explain why the one-year charging period in counts 19-22 provides adequate notice while the charging periods in the other counts, each of which is one year or less except for the one year and four-month charging period in counts 6-9, do not. The absence of any such explanation cuts against Dewey's inadequate notice challenge to the remaining charging periods. Nevertheless, this discrepancy does not alter our analysis.

¶18    We reference additional pertinent allegations in the criminal complaint in the analysis that follows.

*B. Analysis*

¶19    We now apply the ***Fawcett*** factors to the allegations in the first amended information, summarized above, and in the criminal complaint, in order to determine whether the charging periods are reasonable.

¶20    *Factor one—age and intelligence of alleged victims.* The circuit court observed that T. was alleged to have been assaulted from ages five to fourteen and that C. was alleged to have been assaulted from ages seven to ten. The victims were young children when the assaults began, and their young ages at the time of the alleged assaults, together with the alleged repeated and similar nature of the assaults, which the circuit court found totaled at least eighty and seventy-seven for each child, respectively, could reasonably have led to their inability to recall the specific dates on which the assaults occurred. *See **Hurley***, 361 Wis. 2d 529, ¶¶1, 42-43 (making a similar observation based on allegations that the victim was subject to twenty-six assaults when she was between six and eleven years old). Moreover, the children were reported to have recalled such details as the location of many of the assaults, in terms of which rooms in which residences they occurred in, and the charging periods matched the times when they were living in the residences identified. The circuit court noted that no information had been presented that the children were not of at least average intelligence. We agree with the circuit court that this factor weighs in favor of the conclusion that the charging periods in the first amended information, considered together with the criminal complaint, are reasonable and therefore provided adequate notice.

¶21 *Factors two and three—surrounding circumstances and nature of offense, including whether it is likely to occur at a specific time or is likely to have been discovered immediately.* The circuit court observed that the children were living together with Dewey most of the pertinent time and that no one witnessed the assaults, although there were allegations suggesting that some other family members could have been in one or more of the residences at the time of some of the alleged assaults at those locations. The alleged assaults occurred over a number of years and were similar in nature, so that, as noted above, a particular date was not likely to stand out. Nor were there any circumstances present so that the assaults were likely to occur or reoccur at a specific time, other than that they were alleged to have occurred when one or both of the children and Dewey were home together, on weekends or after school. Moreover, the circuit court noted "some alleged reporting vulnerability," in light of Dewey's being a family member with a position of authority over the children and his having allegedly threatened and otherwise dissuaded the children from reporting the assaults, thereby militating against the likelihood of immediate reporting. We agree with the circuit court that these factors weigh in favor of the conclusion that the charging periods in the first amended information, considered together with the criminal complaint, are reasonable and therefore provided adequate notice.

¶22 *Factor four—length of alleged period of time for the offenses in relation to number of individual criminal acts.* This factor also weighs in favor of reasonableness, for many of the same reasons already stated. The circuit court noted that the criminal complaint alleged that T. reported at least eighty assaults over eight or nine years, and C. reported at least seventy-seven assaults over three years. To repeat, the counts in the amended information alleged that the assaults occurred during periods of several months to one year, in the specific residences in

11

which Dewey and the children were living at the time (with the exception of Oakdale, when Dewey was living by himself in a motel).  As our supreme court noted in *Hurley*, 361 Wis. 2d 529, ¶¶47-48, when assaults are alleged to have been committed by an authority figure in the house when the child victims are young and reside with the defendant, the cumulative nature of the assaults militate against the victims being able to state the date of any one assault.  Further, as the circuit court noted here, these circumstances did not lend themselves to an alibi defense, or any other defense that would have been "changed or aided" by narrower charging periods. *Id.*

¶23    *Factors five and six—length of time between alleged dates of assaults and defendant's arrest, and length of time between alleged dates of assaults and filing of criminal complaint.*  The charged assaults against T. occurred from approximately 2005 to 2013; the charged assaults against C. occurred from January 2010 to December 2011.  The children reported the assaults in October 2014, Dewey was arrested on November 4, 2014, and the State filed the complaint against Dewey on November 21, 2014.  Thus, there was little to no delay from the time of reporting to the times of arrest and filing; and the reporting, arrest, and filing all took place from one year to nine years after the charged assaults against T. and from less than three years to less than five years after the charged assaults against C.  The circuit court noted that there was no indication of improper purposes for the delay.  These factors address the "'problem of dimmed memories and the possibility that the defendant may not be able to sufficiently recall or reconstruct the history regarding the allegations.'"  *Id.*, ¶50 (quoted source omitted).  We agree with the circuit court that such a problem and a possibility did not tip the scales against reasonableness here, given the minimal delay between the reporting and both the arrest and the filing of the complaint, the

residence-related specifics behind the charging periods, the details of what occurred during the assaults, and the relatively narrow range (most several months and a few approximately one year) of any one charging period.

¶24    *Factor seven—ability of victim to particularize date and time of alleged offense.* As we have explained, the ability of the children here to recall details such as the date of any one of the repeated assaults against them over the years of their youth was "very limited." *Id.*, ¶52 (noting that the child victim's "very limited" ability to recall details in order to particularize the date of the offenses weighed against the defendant's argument that the charging periods were unreasonable). As the circuit court noted, the children were able to recall where they were living when the assaults occurred and that the assaults occurred where they were living (or, as noted above, where Dewey was living for a time at a motel). Their inability to provide evidence that would have allowed the State to narrow the charging periods beyond the times that they were living in the different residences was "reasonable and understandable." *Id.*

¶25    In sum, based on our application of the *Fawcett* factors, we conclude that the circuit court properly denied Dewey's motion to dismiss because the charging periods in the first amended information, considered together with the allegations in the criminal complaint, are reasonable and therefore the complaint and information provided adequate notice to satisfy Dewey's due process right to plead and prepare a defense.

### C. Dewey's Arguments

¶26    As to factor one (age and intelligence of victims), Dewey argues that, precisely because the children "were specific enough about" the alleged assaults, "there should have been a tighter and unitary charging period."

However, this argument ignores, as a matter of common sense, the evident distinction between a child's ability to recall how an adult assaulted him or her and the child's ability to recall more specific time periods in which the assaults occurred, especially when the assaults were alleged to have occurred repeatedly over many years. *See Fawcett*, 145 Wis. 2d at 254 ("Child molestation often encompasses a period of time and a pattern of conduct. As a result, a singular event or date is not likely to stand out in the child's mind.").

¶27 As to factor two (surrounding circumstances), Dewey argues that the allegations in the criminal complaint about a dispute over custody and Dewey being too harsh a disciplinarian constitute circumstances that "cast doubt on the reliability of the accusations and militate toward having a tighter accusation period." However, this argument is off point. Dewey is merely referring to defense theories, not reasons relevant to the *Fawcett* test to conclude that the time periods in the information are so unreasonable as to have failed to provide adequate notice. Or, if this could be a proper argument under *Fawcett*, Dewey fails to explain how.

¶28 As to factor three (nature of offense, including whether it was likely to occur at a specific time), Dewey acknowledges that the assaults were alleged to have occurred when the children were alone with Dewey but notes that the grandparents were suspicious early on and that in some periods other people lived in the residences and could have discovered the assaults. Again, on this topic, Dewey merely refers to defense theories available to him at trial, and he fails to explain why the potential for discovery renders the charging periods unreasonable, given the nature of the offenses.

¶29 As to factor four (length of time charged in relation to number of individual criminal acts), Dewey argues that he presented a partial alibi based on a time card and his statements indicating that he was at work on the specific date of the last assault in 2014 reported by T. However, this alleged assault was not included in the charges in the amended information. To the extent that Dewey suggests that he could have provided similar alibi evidence as to the assaults that were charged, he does not develop any argument in support.

¶30 Dewey also generally asserts that the number of alleged offenses "charged over such … extended and divided periods of time" made it impossible for him to have adequate notice. This assertion is refuted by our explanation above regarding the actual periods of time charged, which are neither extensive nor unreasonably divided, when considered together with the allegations in the criminal complaint.

¶31 As to factor five (time between alleged dates of assaults and arrest), Dewey again references the last assault alleged by T. (uncharged), and his potential defense based on both his alibi evidence and his assertion that at that time he understood an investigation was proceeding and "he needed not to initiate contact" with the children. The first problem with this argument is factual. The record citation he provides references evidence that he was at work in August 2014, before the children reported the assaults in October 2014, and he cites nothing showing that the investigation began in August. The second problem is, again, that he fails to tie these concepts to a proper *Fawcett* analysis.

¶32 As to factor six (time between alleged dates of assaults and filing of complaint), Dewey recites the applicable dates but does not explain how they relate to whether the time periods are reasonable such that notice was adequate.

¶33 As to factor seven (child's ability to particularize date and time of offenses), Dewey argues in his reply brief that the children were old enough at the time of trial, when they were fifteen and eleven, "to judge relative time." However, this factor also addresses the children's ability to remember particular dates given the alleged repeated and similar nature of assaults over the charged periods when they were much younger. *See Hurley*, 361 Wis. 2d 529, ¶52. The children were able to recal the details of the assaults, where the assaults occurred, and their ages and grades in school when they lived in the residences at which the assaults occurred, and it is that information that yielded the charging periods in this case. As explained above, those charging periods, when considered together with the criminal complaint, are reasonable and provided Dewey with adequate notice.

¶34 Separate from addressing the *Fawcett* factors, Dewey argues that the three non-continuous charging periods in counts 32-36, each of which taken separately is six months or less but all of which taken together total two years, are not reasonable. However, Dewey does not undertake the application of the *Fawcett* factors that is necessary to support this conclusory assertion. Dewey also does not explain how the application of the *Fawcett* factors to all of the charging periods in the amended information, together with the criminal complaint, changes when applied only to the charging periods in counts 32-36.

¶35 Dewey suggests that the State "overcharged" by not including all of the different crimes individually charged in fewer counts of "repeated acts" under WIS. STAT. § 948.025. However, he does not explain how this suggestion affects the *Fawcett* factors analysis based on the amended information and criminal complaint.

¶36   In sum, Dewey fails to show that the circuit court erroneously denied his motion to dismiss based on the charging periods in the amended information and the allegations in the criminal complaint.

## II.  Ineffective Assistance of Counsel and Jury Unanimity

¶37   Dewey argues that his trial counsel rendered ineffective assistance by not objecting at trial to jury instructions for five of the counts on the ground that the three non-continuous time periods charged for each count failed to protect his right to a unanimous jury or, alternatively, that this error in the jury instructions warrants discretionary reversal in the interests of justice.  As we now explain, we reject Dewey's argument because he fails to show either that counsel's failure to object prejudiced his defense or that this is an extraordinary case warranting discretionary reversal.

¶38   The United States Constitution guarantees to criminal defendants the right to effective assistance of counsel.  *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334; *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To demonstrate that counsel's assistance was ineffective, the defendant must establish both "that counsel's performance was deficient and that the deficient performance was prejudicial."  *State v. Breitzman*, 2017 WI 100, ¶37, 378 Wis. 2d 431, 904 N.W.2d 93 (citing *Strickland*, 466 U.S. at 687).  We resolve this appeal based on the prejudice prong.  *See Breitzman*, 378 Wis. 2d 431, ¶37. ("If the defendant fails to satisfy either prong [under *Strickland*], we need not consider the other.").

¶39   Whether any assumed deficient performance was prejudicial is a question of law that we review de novo.  *See id.*, ¶39.  "To establish that deficient performance was prejudicial, the defendant must show that 'there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoted source omitted).

¶40 To repeat, in counts 32-36 the State alleged that Dewey committed various sexual assault-related offenses "on or between January 01, 2010 and June 10, 2010 or on or between November 09, 2010 and February 09, 2011 or on or between June 16, 2011 and December 31, 2011," at a residence on Hollister Avenue in Tomah. These counts charged three non-continuous periods of three to six months each when C. was between six and eight years old.

¶41 Dewey argues that trial counsel should have objected to the jury instructions for counts 32-36 because the inclusion of three non-continuous charging periods in each count deprived him of his right to a unanimous verdict. We understand Dewey to be arguing that the inclusion of three non-continuous charging periods could result in different members of the jury finding that Dewey committed any one of the acts alleged in each count in any one of the three charging periods, without agreeing as to which act occurred in which period.

¶42 Pertinent here, the circuit court rejected Dewey's ineffective assistance of counsel claim because he failed to show "that there [was] a reasonable probability that the result of the proceeding would have been different if trial counsel had objected to the jury instruction for Counts 32 to 36." The court explained that, had trial counsel objected, the court "would have amended the jury instruction to include one continuous time frame." In his briefing, Dewey does not address this part of the circuit court's ruling or the prejudice prong of his

claim. Rather, he attempts to show that case law supports his position that trial counsel was deficient in not objecting on unanimity grounds in this situation.[7] Given Dewey's failure to show that counsel's performance prejudiced him, his ineffective assistance of counsel claim must be rejected.

¶43     Alternatively, Dewey argues that the jury instructions' inclusion of three non-continuous charging periods constitutes plain error entitling him to discretionary reversal in the interests of justice. Under WIS. STAT. § 752.35, this court may order a new trial "if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried." However, Dewey fails to show that this is an "exceptional case" warranting discretionary reversal. *See State v. Schutte*, 2006 WI App 135, ¶62, 295 Wis. 2d 256, 720 N.W.2d 469 ("We exercise our authority to reverse in the interest of justice under WIS. STAT. § 752.35 sparingly and only in the most exceptional cases.").

## CONCLUSION

¶44     For all the reasons explained above, we affirm.

*By the Court.*—Judgment and order affirmed.

Not recommended for publication in the official reports.

---

[7] In his reply brief, Dewey asserts that the State in its response brief "make[s] it seem [as if] Mr. Dewey would approve a charging period of two years (January 1, 2010 to December 31, 2011." However, Dewey's approval or disapproval was irrelevant, because the circuit court plainly indicated that it would have concluded that such a charging period does not violate Dewey's right to a unanimous verdict, regardless of Dewey's position. Further, Dewey does not explain how such a charging period would violate his right to a unanimous verdict, such that the outcome would have been different.