STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony FAWCETT, Defendant-Appellant.†

Court of Appeals

*No. 87–0692–CR. Submitted on briefs September 9, 1987.—
Decided May 18, 1988.*

(Also reported in 426 N.W.2d 91.)

† Petition to review denied.

246

On behalf of the defendant-appellant the cause was submitted on the briefs of *Virginia A. Pomeroy,* assistant state public defender.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Sharon Ruhly,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Anthony Fawcett appeals from a judgment of conviction for two counts of first-degree sexual assault. Fawcett argues that his due process right to notice of the charges and his fifth amendment right against double jeopardy were violated by charging documents alleging that the sexual assaults occurred "during the six months preceding December A.D. 1985." Fawcett also argues that he was deprived of due process and a fair trial when the prosecutor referred to him as a "classic child molester." We reject both of Fawcett's arguments and affirm the judgment.

In December of 1985, M.S. told his fourth grade teacher that a man was "bothering him" after school. Upon closer questioning, M.S., who was ten years old, confided that the man had touched his private parts.

247

M.S. was able to identify the man as "Anthony" and was able to tell the police where Anthony lived. Fawcett was eventually charged with two counts of first-degree sexual assault.[1] In count one, Fawcett was charged with fondling the penis of a child under the age of twelve and in count two Fawcett was charged with having a child under the age of twelve fondle Fawcett's penis. In both instances, the conduct is alleged to have occurred in the six months preceding December of 1985.

At trial, M.S. testified that he met Fawcett in the summer of 1985. M.S. said he had initially visited Fawcett several times and nothing happened. M.S. also described the facts surrounding the two touching incidents during subsequent visits. M.S. related that the last touching had occurred "a couple months" before he told his teacher (near Christmas, 1985) but he could not be any more specific as to the dates of the offenses.

---

[1]Fawcett was originally charged with one count of first-degree sexual assault contrary to sec. 940.225(1)(d), Stats. This complaint alleged that the assault took place on December 7, 1985. An amended complaint charged Fawcett with two counts of first-degree sexual assault and one count of enticing a child for immoral purposes, contrary to sec. 944.12, Stats., during "the six months preceding December of 1985." The amended complaint also charged Fawcett with additional counts of sexual assault and enticing a child for immoral purposes (both later dismissed). These latter offenses were alleged to have occurred in late November or early December of 1985.

An information was filed charging Fawcett with two counts of first-degree sexual assault and two counts of enticing. An amended information was then filed charging Fawcett with only two counts of first-degree sexual assault occurring in the six months preceding December, 1985.

Fawcett first argues that the six-month period of time alleged in the complaint and information is too expansive to allow him to prepare an adequate defense. This raises an issue of constitutional fact which we decide independently of the trial court's determination. *State v. Woods,* 117 Wis. 2d 701, 715, 345 N.W.2d 457, 465 (1984).

The issue raised by Fawcett demonstrates a problem oftentimes presented in prosecutions premised upon information supplied by children. Sexual abuse and sexual assaults of children are difficult crimes to detect and prosecute. Often there are no witnesses except the victim. *See Pennsylvania v. Ritchie,* 107 S. Ct. 989, 1003 (1987). The child may have been assaulted by a trusted relative or friend and not know who to turn to for assistance and consolation. The child may have been threatened and told not to tell anyone. Even absent a threat, the child might harbor a natural reluctance to reveal information regarding the assault. These circumstances many times serve to deter a child from coming forth immediately. As a result, exactness as to the events fades in memory.

Young children cannot be held to an adult's ability to comprehend and recall dates and other specifics. This court has noted:

> Some liberality must be permitted in this area because of the age of the prosecutrix. A person should not be able to escape punishment for such a ... crime because he has chosen to take carnal knowledge of an infant too young to testify clearly as to the time and details of such ... activity.

*State v. Sirisun,* 90 Wis. 2d 58, 65–66 n. 4, 279 N.W.2d 484, 487 (Ct. App. 1979) (quoting *State v. Rankin,* 181 N.W.2d 169, 172 (Iowa 1970)). However, no matter how abhorrent the conduct may be, a defendant's due process and sixth amendment rights to fair notice of the charges and fair opportunity to defend may not be ignored or trivialized.

The criminal complaint is a self-contained charge which must set forth facts that are sufficient, in themselves or together with reasonable inferences to which they give rise, to allow a reasonable person to conclude that a crime was probably committed and that the defendant is probably culpable. *State v. Hoffman,* 106 Wis. 2d 185, 197, 316 N.W.2d 143, 151 (Ct. App. 1982). The sufficiency of a pleading is a question of law which we review independently on appeal. *First Nat'l Bank v. Dickinson,* 103 Wis. 2d 428, 433, 308 N.W.2d 910, 912 (Ct. App. 1981). Whether a deprivation of a constitutional right has occurred is a question of constitutional fact which we also independently review as a question of law. *State v. Cloud,* 133 Wis. 2d 58, 61, 393 N.W.2d 123, 124–25 (Ct. App. 1986).

A criminal charge must be sufficiently stated to allow the defendant to plead and prepare a defense. *See Blenski v. State,* 73 Wis. 2d 685, 695, 245 N.W.2d 906, 912 (1976). However, where the date of the commission of the crime is not a material element of the offense charged, it need not be precisely alleged. *See Hoffman,* 106 Wis. 2d at 198, 316 N.W.2d at 152. Time is not of the essence in sexual assault cases, *see State v. Ellis,* 710 S.W.2d 378, 383–84 (Mo. Ct. App. 1986), and the pertinent statute, sec. 940.225(1)(d), Stats., does not require proof of an exact date.

The test adopted by the Wisconsin Supreme Court in the face of a constitutional due process right to notice and double jeopardy challenge is set forth in *Holesome v. State*, 40 Wis. 2d 95, 102, 161 N.W.2d 283, 287 (1968).

> In order to determine the sufficiency of the charge, two factors are considered. They are, whether the accusation is such that the defendant determine whether it states an offense to which he is able to plead and prepare a defense and whether conviction or acquittal is a bar to another prosecution for the same offense.

The *Holesome* language is extremely broad and arguably states nothing more than the constitutional right to notice and the constitutional protection against double jeopardy in different terms.

Other states have adopted a more specific test. In *People v. Morris*, 461 N.E.2d 1256 (N.Y. 1984), the New York Court of Appeals set out a "reasonableness test."[2]

---

[2]The "reasonableness test" analysis depends upon the nature of the challenge asserted by the defendant.

In some cases, the claim is made that the interval alleged for a particular crime is so excessive that, on its face, it is unreasonable and the case should be dismissed. *People v. Morris*, 461 N.E.2d 1256, 1259–60 (N.Y. 1984).

In other cases, the defendant contends that the state knew of a specific date in time but purposely did not allege this information. If this charge is borne out and good cause for withholding the information is not shown, the charge should be dismissed. *Id.* at 1260.

In still other cases, a defendant may contend that the prosecutor is able but has failed to obtain more specific information due to a lack of diligent investigatory efforts. *Id.* This inquiry also emb-

251

■ We originally certified this case to the Wisconsin Supreme Court inquiring whether the reasonableness test of *Morris* should be adopted as the law of this state. The certification, however, was refused. With

races good faith. *Id.* In evaluating the possibility that a more specific date could have been obtained through diligent efforts, the court may look to the following factors to determine whether a more specific date could have been alleged: (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to have been discovered immediately. *Id.*

If after this exercise the state is found to have exerted diligent investigatory efforts, the charging document should then be examined to determine whether, under the circumstances, the designated period of time set forth is reasonable. *Id.* Factors relevant to this determination include but are not limited to:

> the length of the alleged period of time in relation to the number of individual criminal acts alleged; the passage of time between the alleged period for the crime and the defendant's arrest; the duration between the date of the indictment and the alleged offense; and the ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense.

*Id.*

Ultimately, *Morris* concludes that "[t]he standard is that of reasonableness; '[r]easonable certainty ... is required in criminal pleading.'" *Id.* at 1259 (quoting *United States v. Cruikshank,* 92 U.S. 542, 568 (1876) (Clifford, J., concurring)).

In *In re K.A.W.,* 515 A.2d 1217 (N.J. 1986), the court applied the factors used in *Morris,* but also looked to the age and intelligence of the victim, the extent and thoroughness of the prosecutor's investigative efforts to narrow the time frame of the alleged offense and whether there was a continuous course of conduct. *Id.* at 1222.

the *Holesome* test already in place, our primary error-correcting function in Wisconsin's two-tiered appellate system properly restricts this court from changing existing law as announced by our supreme court. *State v. Grawien,* 123 Wis. 2d 428, 432, 367 N.W.2d 816, 818 (Ct. App. 1985). We therefore must follow and apply the *Holesome* test.

At the same time, we conclude that the factors spelled out in cases decided under the "reasonableness test" assist us in determining whether the *Holesome* test is satisfied. These factors include: (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to have been discovered immediately; (4) the length of the alleged period of time in relation to the number of individual criminal acts alleged; (5) the passage of time between the alleged period for the crime and the defendant's arrest; (6) the duration between the date of the indictment and the alleged offense; and (7) the ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense.

In applying the twofold test of *Holesome,* we must first answer whether notice of the charge has been given to Fawcett such that a defense may be prepared. A defendant is entitled to be informed of the charges against him, *see State v. Sugden,* 137 Wis. 2d 367, 372–73, 404 N.W.2d 126, 128 (Ct. App. 1987), *rev'd on other grounds,* 143 Wis. 2d 728, 422 N.W.2d 624 (1988), as well as the underlying facts constituting the offense, including the time frame in which the assault allegedly occurred, *see State v. Dekker,* 112 Wis. 2d 304, 310, 332 N.W.2d 816, 819 (Ct. App. 1983).

Looking to the factors under the reasonableness test, we first observe that Fawcett was alleged to have committed two sexual assaults over a six-month period against a ten-year-old victim. Child molestation often encompasses a period of time and a pattern of conduct. As a result, a singular event or date is not likely to stand out in the child's mind. Moreover, child molestation is not an offense which lends itself to immediate discovery. Revelation usually depends upon the ultimate willingness of the child to come forward. Here, however, the complaint was issued immediately after M.S. first reported the incidents to his teacher in December of 1985.

In a case involving a child victim, we conclude a more flexible application of notice requirements is required and permitted. The vagaries of a child's memory more properly go to the credibility of the witness and the weight of the testimony, rather than to the legality of the prosecution in the first instance. *See Gutenkunst v. State,* 218 Wis. 96, 104, 259 N.W. 610, 613–14, *cert. denied,* 296 U.S. 608 (1935). Such circumstances ought not prevent the prosecution of one alleged to have committed the act. *Id.* at 104, 259 N.W. at 614.

Considering all of the above factors, we conclude that the charging period set forth in this case is reasonable and that Fawcett was adequately informed of the charges against him.[3]

---

[3]Fawcett complains that it is virtually impossible to prepare an alibi defense for a six-month period. However, an alibi defense does not change the nature of the charges against the defendant or suddenly incorporate time as a necessary element of the offense. *State v. Hoban,* 738 S.W.2d 536, 541 (Mo. Ct. App. 1987). As we have already noted, a certain leeway is necessary in this area. If

We next must determine under *Holesome* whether the charging language violates Fawcett's protection against double jeopardy. If another later charge arising out of this incident had also been leveled against Fawcett, we could then compare the two charging documents and determine whether double jeopardy precluded the latter charge. We do not have this luxury, however, and therefore, application of the double jeopardy prong of the *Holesome* test is necessarily somewhat speculative.

██

Nonetheless, we do not conclude that double jeopardy is a realistic threat in this case. In its brief, the state concedes that Fawcett may not again be charged with any sexual assault growing out of this incident. Courts may tailor double jeopardy protection to reflect the time period charged in an earlier prosecution. Therefore, Fawcett's double jeopardy protection can also be addressed in any future prosecution growing out of this incident. If the state is to enjoy a more flexible due process analysis in a child victim/witness case, it should also endure a rigid double jeopardy analysis if a later prosecution based upon the same transaction during the same time frame is charged. *See State v. St. Clair,* 418 A.2d 184, 189 (Me. 1980). Therefore, we conclude that this prong of the *Holesome* test has also been met.

we required that a complaint be dismissed for lack of specificity when a defendant indicated a desire to assert an alibi defense, such a holding would create potential for an untenable tactic: a defendant would simply have to interpose an alibi defense in order to escape prosecution once it became apparent that a child victim/witness was confused with respect to the date or other specifics of the alleged criminal event. *People v. Naugle,* 393 N.W.2d 592, 596 (Mich. Ct. App. 1986). We decline to adopt such a rule.

Fawcett next claims that he was deprived of due process when the prosecutor referred to him as a "classic child molestor" in opening statements and closing arguments. However, Fawcett did not object to the statement made in the prosecutor's opening statement upon the same grounds raised on appeal. Therefore, this issue is waived. *Frankovis v. State,* 94 Wis. 2d 141, 152, 287 N.W.2d 791, 796 (1980). In addition, Fawcett failed to object altogether when the statement was made during the prosecutor's closing argument. Alleged errors not objected to at the trial court level are deemed waived. *See State v. Daniels,* 117 Wis. 2d 9, 17, 343 N.W.2d 411, 415 (Ct. App. 1983).

Alternatively, we choose to address this issue on its merits. There was no evidence adduced at trial as to the characteristics of a classic child molester nor was there testimony that Fawcett fit within that profile. Therefore, branding Fawcett as a "classic child molester" was incorrect. However, we do not conclude that this impropriety requires reversal of Fawcett's conviction.

The prosecutor's remark was offered in conjunction with the further statement that "[h]e's one of those men who charms, cajoles, entices and manipulates a small boy into doing something that he otherwise certainly would not have been inclined to do." There was ample evidence in the record of enticement of M.S. by Fawcett. M.S. testified that Fawcett "bribed" him to come up to Fawcett's apartment. Although beyond the evidence, we do not find any of Fawcett's substantial rights violated by the prosecutor's suggestion that a child molestor often uses enticement as a means to accomplish his criminal

act. "No judgment shall be reversed or set aside or new trial granted in any action ... unless ... it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial." Sec. 805.18(2), Stats.

In addition, the jury in this case was instructed that the remarks of the attorneys were not evidence, and that if such remarks implied the existence of certain facts not in evidence, such implication was to be disregarded. *See* Wis J I—Criminal 157.

*By the Court.*—Judgment affirmed.