State of Wisconsin, Plaintiff-Appellant,
v.
Kristina Magnuson, Defendant-Respondent.
No. 2004AP369-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 20, 2005.
Before Anderson, P.J., Brown and Snyder, JJ.
¶ 1 PER CURIAM.
The State appeals from that part of an order granting Kristina Magnuson's postconviction motion which dismissed count one of the information on which the jury found Magnuson guilty of first-degree sexual assault of a child.[1]
¶ 2 Magnuson was charged with fifteen counts of various sexual offenses committed by her against four adolescent males between 1989 and 1998. Count one of the information charged as first-degree sexual assault that "during the winter of 1989," Magnuson intentionally had sexual contact with a child under age thirteen by instructing the child, N.S.C., to lie on top of her and simulate sexual intercourse by rubbing his penis against her vagina through their clothing. Magnuson was N.S.C.'s babysitter at the time of the alleged assault.
¶ 3 Before trial and in her postconviction motion, Magnuson moved to dismiss count one on the ground that the lack of specificity in the charging time frame violated her due process right to notice.[2]See Holesome v. State, 40 Wis. 2d 95, 102, 161 N.W.2d 283 (1968) (constitutional right to due process encompasses the right to be informed of the nature and cause of the accusation). The trial court concluded that the allegation that sexual contact occurred "during the winter of 1989" did not adequately inform Magnuson of the charges so as to permit her to prepare a defense. Count one was dismissed.
¶ 4 Whether the charge is sufficiently specific to satisfy due process requirements is a question of constitutional fact to be determined independently of the trial court's determination. See State v. Fawcett, 145 Wis. 2d 244, 249, 426 N.W.2d 91 (Ct. App. 1988). The two-fold test is: whether the accusation is such that the accused may determine whether it states an offense to which he or she is able to plead and prepare a defense; and whether conviction or acquittal is a bar to another prosecution for the same offense. Holesome, 40 Wis. 2d at 102. In determining whether the two-fold test is satisfied the relevant factors to consider in this case are: the length of the alleged period of time in relation to the number of individual criminal acts alleged; the passage of time between the alleged period for the crime and the defendant's arrest; the duration between the date of the indictment and the alleged offense; and the ability of the victim or complaining witness to particularize the date and time of the alleged offense.[3]Fawcett, 145 Wis. 2d at 253.
¶ 5 We first observe, as the trial court did, that approximately eleven years passed between the time of the alleged sexual assault and the filing of the criminal complaint. In State v. R.A.R., 148 Wis. 2d 408, 412, 435 N.W.2d 315 (Ct. App. 1988), the court concluded that the gaps of four-to-five-year intervals between the alleged offenses and R.A.R.'s arrest weighed heavily in favor of concluding that the charging period was not definite enough.
¶ 6 In R.A.R. the complaint alleged that the victims, ages eleven and fourteen at the time of the alleged sexual assaults, were sexually assaulted by their babysitter "during the spring of 1982," "during the summer of 1982" and "during the summer of 1983." Id. at 409. The court concluded that charges were not sufficiently definite in light of the age of the victims and the lengthy gap between the assaults and the defendant's arrest. See id. at 412-13.
¶ 7 N.S.C. was approximately nine years old at the time of the alleged sexual assault. Neither the charging documents nor evidence at the preliminary hearing address N.S.C.'s inability to particularize the date for any reason other than the passage of time.[4] The alleged offense was an isolated occurrence at the time and not suggestive of a pattern of abuse in that time frame in which a young victim might have trouble distinguishing the timing of occurrences. Cf. Fawcett, 145 Wis. 2d at 254 ("Child molestation often encompasses a period of time and a pattern of conduct. As a result, a singular event or date is not likely to stand out in the child's mind."). Depending on an individual's view, the allegation that the sexual assault occurred in "winter" can encompass a period of between three and five months. We conclude that count one was not sufficiently definite as to time to satisfy Magnuson's due process right to notice of the charge against her.[5] Dismissal of count one was constitutionally required.
By the Court.  Order affirmed.
NOTES
[1] A new trial was ordered on the remaining seven counts of the information. That portion of the order granting a new trial is not challenged on appeal.
[2] Magnuson moved pretrial to dismiss fourteen counts for the lack of specificity in the charging time frame. Counts two and three of the information alleged sexual intercourse with N.S.C. in the "summer of 1992" and "summer of 1993." The trial court dismissed counts two and three as not specific enough to allow the preparation of a defense. The trial court denied the motion to dismiss eleven other counts because the allegations arose from an employment-type relationship to the victims and therefore other sources of information could assist in the preparation of a defense. In its pretrial ruling, the trial court overlooked the claim as to count one and therefore addressed it in the postconviction motion.
[3] The three initial factors are "(1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to have been discovered immediately." State v. Fawcett, 145 Wis. 2d 244, 253, 426 N.W.2d 91 (Ct. App. 1988). Those factors should be considered "when the defendant claims that the state could have obtained a more definite date through diligent efforts," State v. R.A.R., 148 Wis. 2d 408, 411, 435 N.W.2d 315 (Ct. App. 1988), a claim not made here.
[4] Our analysis is limited to the charging documents. See R.A.R., 148 Wis. 2d at 410 n.1. Since the information is based on evidence presented at the preliminary hearing, we may consider that evidence.
[5] The State argues that the charge was definite enough because in fact Magnuson had no defense related to the actual date of occurrence, such as alibi or mistaken identity, and that her only defense was that the sexual assault did not occur and was fabricated. We do not look ahead to the possible defenses or those actually presented at trial. See R.A.R., 148 Wis. 2d at 410 n.1.