In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2357

RONALD A. MCELVANEY,

*Petitioner-Appellant,*

*v.*

WILLIAM POLLARD,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:11-cv-00198-WEC — **William E. Callahan, Jr.**, *Magistrate Judge.*

ARGUED MAY 29, 2013 — DECIDED AUGUST 20, 2013

Before BAUER, WOOD, and TINDER, *Circuit Judges.*

BAUER, *Circuit Judge.* Petitioner Ronald McElvaney was convicted in Wisconsin state court of sexually assaulting a child. After unsuccessfully seeking postconviction relief in the state courts, McElvaney filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), by failing to challenge the

time period for the assault set forth in the charging documents as overly broad, and that his appellate counsel was ineffective by failing to raise trial counsel's ineffectiveness on appeal. Because the Wisconsin state court's determination that McElvaney's attorneys were not ineffective was not an unreasonable application of or contrary to *Strickland*, we affirm the district court's denial of the writ.

## I. Background

In 2005, a ten-year-old known in court documents as "Jessica O." reported to her family that she had been sexually assaulted by a man named "Ron" several years earlier. Based on Jessica's description of the man, where she lived at the time, and the sleeping arrangements of the home, Jessica's mother identified McElvaney, who had been her live-in boyfriend, as the man, and estimated that the time frame for the assault was between August 2001 and February 2002. Over the course of interviews with investigators, Jessica narrowed the time frame to the fall, and probation records show that McElvaney was incarcerated from September 11, 2001, to September 26, 2001, and again from December 19, 2001, to February 11, 2002. Accordingly, on April 28, 2005, a complaint was issued charging McElvaney with one count of sexually assaulting Jessica between September 26, 2001, and December 19, 2001, when she was seven years old. An information was subsequently filed with the same time frame for the assault.

On January 14, 2006, McElvaney's trial counsel, David Celebre, moved for an order requiring the district attorney to indicate with greater particularity the time of the alleged assault and to prohibit the modification of the time period at

trial. In his affidavit in support of the motion, Celebre asserted that McElvaney "is unable to formulate an alibi and identify any potentially supporting witnesses to the time frame alleged for the offense due to its wide span and his inability to identify his whereabouts through the course of such period[.]" A hearing on this motion was held on January 24, 2006. At the hearing, Celebre only presented arguments in support of his request for an order preventing the state from modifying the time period charged at trial. He did not address his request for a more particular time frame for the charged offense; instead, he conceded that the state "has the providence to allege" the three-month date range found in the complaint and information. The trial court judge said that he would not allow the state to amend the time at trial, but noted that "they can narrow it, of course, but under the case law, [] they're saying this is the best they can do, and that's what is required."

On March 28, 2006, a jury convicted McElvaney of one count of first-degree sexual assault of a minor, in violation of Wis. Stat. § 948.02(1). He was sentenced to thirty years—fifteen years of imprisonment and fifteen years of supervised release.

Following his conviction, McElvaney's appellate counsel, Glen Kulkoski, filed a motion alleging ineffective assistance of trial counsel based on Celebre's failure to object to the way in which Jessica's videotaped testimony was presented at trial. *See* Wis. Stat. § 974.02; *Morales v. Boatwright*, 580 F.3d 653, 656 (7th Cir. 2009) (discussing Wisconsin's postconviction procedures). Kulkoski did not allege ineffective assistance of trial counsel based on Celebre's failure to challenge the charge for lack of specificity regarding the date range for the assault in the charging documents. On June 13, 2007, the trial court judge

found that Celebre's performance was deficient for failing to make an objection regarding the videotaped testimony, but concluded that this had not prejudiced McElvaney. McElvaney's conviction and the trial court's order denying relief were affirmed by the Wisconsin Court of Appeals on May 28, 2008, and the Wisconsin Supreme Court denied his petition for review on August 15, 2008.

After losing his direct appeal, McElvaney sought state postconviction relief through Wisconsin's collateral review process. *See* Wis. Stat. § 974.06. This time, McElvaney, *pro se*, alleged ineffective assistance of trial counsel based on Celebre's failure to pursue the motion seeking a more specific date-range for the time of the alleged assault or to move to dismiss the charges due to the lack of particularity of the time frame in the charging documents. McElvaney claimed that the lack of specificity as to the date of the assault prevented him from preparing a defense. The trial court denied the motion on January 16, 2009, without a hearing because McElvaney's assertions were "conclusory and not factual."

The Wisconsin Court of Appeals affirmed on September 30, 2009. In its summary disposition, the Court of Appeals set forth the two-part performance and prejudice standard for ineffective assistance of counsel claims outlined in *State v. Maloney*, 698 N.W.2d 583 (Wis. 2005) (citing *Strickland*, 466 U.S. at 687), and concluded that McElvaney failed to make the required showing under either prong because he "allege[d] no facts to show that he would have been able to provide an alibi defense." The Court of Appeals recognized that "[a] criminal charge must be sufficiently stated to allow the defendant to plead and prepare a defense." Nevertheless, the Court of

Appeals, citing *State v. Fawcett*, 426 N.W.2d 91 (Wis. Ct. App. 1988), also noted that "[a] complaint alleging an offense over a span of time need not be dismissed for lack of specificity simply because a defendant indicates a desire to assert an alibi defense." McElvaney, however, simply asserted that he was prevented from preparing an alibi defense and "offer[ed] nothing to suggest what his alibi might have been nor demonstrated that a motion to dismiss would have been successful." Thus, the Court of Appeals concluded, McElvaney failed to show that Celebre's failure to pursue the motion for a more particular date range and to bring a motion to dismiss was "deficient or prejudicial[,]" and as a result, appellate counsel was not ineffective for failing to raise trial counsel's performance on appeal. The Wisconsin Supreme Court denied McElvaney's petition for review on March 9, 2010.

McElvaney next sought relief in federal court under 28 U.S.C. § 2254. In his federal habeas petition, McElvaney alleged ineffectiveness of both trial and appellate counsel regarding the lack of particularity of the charging period in the criminal complaint charging him with sexual assault.[1] The district court denied the motion but granted McElvaney a certificate of appealability.

## II. Discussion

We review a district court's judgment regarding habeas relief *de novo*. *Woolley v. Rednour*, 702 F.3d 411, 420 (7th Cir.

---

[1] McElvaney also alleged ineffectiveness of counsel based on his trial counsel's failure to object to the manner in which Jessica's videotaped testimony was used at trial, but he has since abandoned that claim.

2012). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs our assessment of McElvaney's claims. Where, as here, a state court decides a constitutional claim on the merits, AEDPA provides that a writ of habeas corpus shall not be granted unless the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence" before the state court. 28 U.S.C. § 2254(d)(1)–(2). "When a state collateral review system issues multiple decisions, we typically consider the last reasoned opinion on the claim"—here the opinion of the Wisconsin Court of Appeals. *Woolley*, 702 F.3d at 421 (internal quotation marks and citation omitted). In applying AEDPA's "difficult to meet … and highly deferential standard," we must give the Wisconsin Court of Appeals' decision "the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (internal quotation marks and citations omitted).

McElvaney contends that his right to counsel was violated by ineffective assistance of both his trial and appellate counsel. Specifically, McElvaney claims his trial counsel was ineffective by failing to pursue the pre-trial motion for a more particular statement and failing to move to dismiss the charge at trial due to the lack of specificity of the date-range in the charging documents. He also contends his appellate counsel was ineffective by failing to raise his trial counsel's deficiencies regarding the charging period on appeal.

To demonstrate that the right to counsel was violated by ineffective assistance, a person challenging a conviction must meet the familiar two-part standard set forth in *Strickland*. 466 U.S. at 688, 694. He must show that (1) his counsel's performance was deficient, meaning it fell below an "objective standard of reasonableness" informed by "prevailing professional norms" and (2) his counsel's deficient performance prejudiced him, meaning that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* In evaluating an attorney's performance, "courts must defer to any strategic decision the lawyer made that falls within the 'wide range of reasonable professional assistance,' even if that strategy was ultimately unsuccessful." *Shaw v. Wilson*, —F.3d—, No. 12–1628, 2013 WL 3814671, at *5 (7th Cir. Jul. 24, 2013) (quoting *Strickland*, 466 U.S. at 689).

Our task here, however, is not *de novo* review of McElvaney's ineffective assistance of counsel claims under *Strickland*. Rather, given the confines of AEDPA we have discussed, our inquiry is limited to whether the Wisconsin Court of Appeals' determination that McElvaney was not denied effective assistance of counsel "was contrary to, or involved an unreasonable application of" *Strickland*. This means that "the question is not whether [McElvaney's] counsel's actions were reasonable. The question is whether there is any reasonable argument that [McElvaney's] counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788, 178 L.Ed.2d 624 (2011).

This "doubly" deferential standard of review, *id.*, dooms McElvaney's appeal. It is telling that McElvaney devotes the

majority of his brief to describing how his attorneys were ineffective and spends far fewer pages discussing the Wisconsin Court of Appeals' decision. While McElvaney may have a colorable argument that his trial counsel was ineffective for failing to challenge the charging period for lack of specificity under Wisconsin state precedent, he cannot persuade us that the Wisconsin Court of Appeals' adverse determination was "contrary to, or involved an unreasonable application of" *Strickland*.

McElvaney first argues that the cursory treatment the Wisconsin Court of Appeals gave his claim was "unreasonable" under *Strickland*. According to McElvaney, the Wisconsin Court of Appeals was "unreasonable" in "requiring him to prove his ability to present an alibi defense" and in denying him an evidentiary hearing, which prevented the court from "fully considering his claim under *Strickland*." But the Court of Appeals did not require McElvaney to "prove" an alibi defense; rather, it affirmed the denial of postconviction relief without an evidentiary hearing because McElvaney failed *to allege* any facts regarding a possible alibi defense. The Court of Appeals noted that the same Wisconsin case McElvaney relied upon in support of his ineffectiveness argument—*State v. Fawcett*—states that a complaint need not be dismissed for lack of specificity whenever "a defendant indicates a desire to assert an alibi defense[.]" 426 N.W.2d at 96 n.3. Thus, the Court of Appeals concluded that given *Fawcett* and his conclusory allegations, McElvaney had not established that a motion to dismiss the complaint would have had a reasonable probability of success. Similarly, trial counsel's failure to seek a more specific date-range may have been reasonable and, in any

event, was not prejudicial because McElvaney had not alleged facts showing that the alibi defense he was "prevented from preparing" was anything more than a hypothetical. The Court of Appeals therefore concluded that McElvaney's ineffective assistance of counsel claims failed because he had not established that his trial counsel's (as well as his appellate counsel's) performance was deficient or prejudicial. We do not think this determination was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87.

McElvaney next argues that the Wisconsin Court of Appeals' decision was "contrary to" federal law because it held McElvaney to a higher standard for establishing prejudice than *Strickland* requires. In support, McElvaney points us to the Court of Appeals' statement that McElvaney failed to demonstrate "that a motion to dismiss would have been successful." As McElvaney correctly argues, to establish the required prejudice, a person challenging a conviction must show only "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This does not require a showing that "counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* Instead, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* But we decline to seize upon a single word in the Court of Appeals' decision to find an error of law. A more complete reading of the Court of Appeals' decision indicates that, despite this statement, it correctly recognized the appropriate standard for prejudice under

*Strickland* and did not require McElvaney to make a heightened showing under that prong. Accordingly, the Court of Appeals' decision was not "contrary" to *Strickland*.

In reaching this conclusion, we acknowledge that the Court of Appeals' analysis was cursory and that McElvaney puts forth compelling arguments in support of his ineffective assistance of counsel claims. Nevertheless, under the exacting standards of AEDPA, we are "limited to a deferential review of the reasonableness, rather than the absolute correctness," of the Wisconsin Court of Appeals' decision, *Mosley v. Atchinson*, 689 F.3d 838, 844 (7th Cir. 2012) (citation omitted), and the Court of Appeals' decision was a reasonable application of *Strickland*.

### III.  Conclusion

We AFFIRM the judgment of the district court.