ANNETTE KINGSLAND ZIEGLER, J.
¶ 53. (concurring). I join the majority opinion which affirms the decision of the court of appeals. I write separately and concur, however, because I would not assume that the circuit court erred. On this record, it is less than clear that the circuit court should have concluded that Nelson knowingly, intelligently, and voluntarily decided to testify. See State v. Weed, 2003 WI 85, ¶ 40, 263 Wis. 2d 434, 666 N.W.2d 485. Nelson's right to testify is unquestionably an important right. See Rock v. Arkansas, 483 U.S. 44, 53 n.10 (1987). Typically, a circuit court would be incorrect to deny a defendant that important right. On the record in the case at issue, however, given the nature of Nelson's defense, the fact that Nelson's testimony would only serve to incriminate her, and could, at best, lead to jury nullification, and considering Nelson and her counsel's own words, the circuit court was not necessarily incorrect. In fact, had Nelson taken the stand it would have been well within the circuit court's discretion to have precluded the only testimony that Nelson wished to offer. See State v. Bjerkaas, 163 Wis. 2d 949, 960, 472 N.W.2d 615 (Ct. App. 1991) (holding that a defendant has no right to urge a jury to nullify applicable laws). The circuit court was hard *748 pressed to conclude that Nelson indeed knowingly, intelligently, and voluntarily reached the conclusion that she wished to testify.
¶ 54. A defendant's right to testify is not synonymous with a defendant's right to say anything he or she would like. Had Nelson been allowed to testify she would have been relegated to incriminating herself, thus undercutting her defense — that being, that the State has not met its burden of proof. Majority op., ¶ 49. The record reflects that the circuit court was not convinced that Nelson was making her decision knowingly, intelligently, and voluntarily.
¶ 55. Simply stated, it is not completely clear that Nelson did in fact knowingly, intelligently, and voluntarily make a decision to testify and incriminate herself given the circumstances. Confronted with a less than satisfying exchange regarding Nelson's decision about testifying, the court stated:
As Ms. Larson observed, she's never seen or heard of this in 21 years of being a prosecutor. I've never run across this kind of a situation either.
I've tried to do some quick legal research. I can't find anything about what a judicial officer is to do under these types of circumstances.
But I do know this, that in order for me to permit the defendant, any defendant, including Ms. Nelson, to testify, I have to make a finding that she's waiving her right against self-incrimination freely, voluntarily and intelligently and knowingly and that she understands her right to either testify or not testify.
The court further acknowledged:
And it seems to me that based upon this limited colloquy that I've had with Ms. Nelson, I, and when I say limited, I think I've thoroughly explored the ins and *749 outs of what she wants to testify to, but I can't find that Ms. Nelson is intelligently and knowingly waiving her right against self-incrimination because she wants to testify to things that are completely irrelevant to the two things that the state has to prove.
Considering the duty to make certain findings regarding her decision to testify, the court stated:
I'm also finding that she's — that she's not intelligently and knowingly waiving her right against self-incrimination, because based upon the colloquy that I've had here with Ms. Bahnson, Angelica Nelson is doing this against the advice of her lawyer, at least with her lawyer telling her that it's not a good idea.
The court understood that "there are some instances in which a defendant could be inadvisably taking the witness stand. But it would be on elements, issues that are central to the case, that is, elements the state has to prove." Specific to this case, the court found:
Nelson wants to talk about all sorts of things that don't matter. And if she took the witness stand, under the circumstances, Ms. Larson could extract from Ms. Nelson the admissions that this occurred. So I just don't think I can make that finding. So I'm not going to let her testify.
Ultimately, the court concluded:
I'm reaffirming my decision and belief that Ms. Nelson is not freely — she's not voluntarily and intelligently and knowingly waiving her right against self-incrimination, so I'm not going to permit her to testify.
¶ 56. The record reflects that the circuit court did not necessarily err in determining that Nelson was not knowingly, intelligently, and voluntarily making a decision to testify. See Weed, 263 Wis. 2d 434, ¶¶ 44-46. As *750 such, it is far from certain that the circuit court erred when it precluded Nelson from offering irrelevant, excludable testimony.
¶ 57. At most, Nelson's testimony would have invited jury nullification. She " 'want[ed] to tell what actually happened,'" that is, Nelson would testify that she did have intercourse with D.M., but she wanted to add that "she did not unbuckle D.M.'s pants and that the assaults did not happen three days in a row." Majority op., ¶ 15. However, whether she unbuckled his pants or he unbuckled his own pants is of no help to Nelson, since consent was not an issue in this case. Similarly, whether the assaults occurred "three days in a row" is of no assistance to Nelson, since the State did not have to prove the exact date or time of the assaults in order to secure a conviction. Majority op., ¶ 50 (citing State v. Badzinski, 2014 WI 6, ¶ 28, 352 Wis. 2d 329, 843 N.W.2d 29); see also Wis. Stat. § 948.02; State v. Fawcett, 145 Wis. 2d 244, 250, 426 N.W.2d 91 (Ct. App. 1988). Nelson acknowledged that if she were to testify, she would have indeed admitted the sexual assaults charged. Id. Her only defense was to argue that the State failed to meet its burden of proof. Her testimony would have completely unraveled her only defense. Additionally, the circuit court would have been within its discretion to preclude the only testimony that Nelson wanted to offer, see Bjerkaas, 163 Wis. 2d at 960, and Nelson would have been left with only inculpatory testimony. On this record, the circuit court was hard pressed to conclude that Nelson was knowingly, intelligently, and voluntarily making the decision to testify.
¶ 58. The circuit court judge was between a rock and a hard place. If Nelson was allowed to testify, the court could be criticized for not ensuring that she was knowingly, intelligently, and voluntarily deciding to *751 testify, see Weed, 263 Wis. 2d 434, ¶ 40, and Nelson's counsel could be challenged as ineffective. See State v. Arredondo, 2004 WI App 7, ¶¶ 27-29, 269 Wis. 2d 369, 674 N.W.2d 647. If Nelson was not allowed to testify, the court could be viewed as depriving Nelson of her fundamental right to testify. See Harris v. New York, 401 U.S. 222, 225 (1971). In this case, there was no easy answer. I am duly concerned that on this record, had Nelson been allowed to testify we would be left to second-guess the circuit court's decision in that regard and likely reviewing a claim of ineffective assistance of counsel. Here, the circuit court seems to have done the best it could given the circumstances, and did not err in protecting Nelson from her own incriminating testimony.
¶ 59. As a result, while I conclude that it is indeed a rare circumstance that the circuit court should be allowed to preclude a defendant from testifying, the facts here indicate that the circuit court did not err in so concluding that Nelson was not knowingly, intelligently, and voluntarily making her decision to testify.
¶ 60. For the foregoing reasons, I concur.