COURT OF APPEALS
DECISION
DATED AND FILED

November 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1214-CR**

Cir. Ct. No. **2018CF320**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

EMANUAL SANTANA,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MARK A. SANDERS and STEPHANIE ROTHSTEIN, Judges. *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Emanual Santana appeals from a judgment of conviction for one count of first-degree sexual assault and an order denying his postconviction motion, without a hearing. On appeal, Santana argues that his trial counsel was ineffective for failing to bring a proper motion to dismiss the criminal charges filed against him on the basis that the time period alleged in the criminal complaint was too broad and indefinite to allow Santana to prepare a defense. Santana also argues that the plain error doctrine requires that the charges against him be dismissed. For the reasons set forth below, we affirm.

## BACKGROUND

¶2 Santana was charged with three counts of first-degree sexual assault of a child on January 24, 2018. The criminal complaint alleged that Santana had engaged in sexual intercourse with his niece, Ashley,[1] on several occasions between July 24, 2010, and July 23, 2011. Count one pertained to assaults that occurred on the "short couch" in the living room, while Ashley was watching Sesame Street; count two pertained to assaults that occurred when Santana had Ashley stand in the middle of the living room; and count three pertained to an assault that occurred in the attic, where Ashley slept. Each count alleged that Santana had penis-to-anus intercourse with Ashley on the occasions when she was at the house where Santana lived.[2] The assaults began when Ashley was eight

---

[1] We use a pseudonym to refer to the victim in this case for ease of reference and to protect the victim's identity.

[2] The assaults were alleged to have occurred at Ashley's grandmother's house. However, Santana, who was married to Ashley's aunt and the sister of Ashley's father, lived there as well. As Ashley's mother testified at trial, she would drop Ashley off to spend the night, while she went to work on the night shift. When Ashley was approximately nine years old, she told her mother that she did not feel comfortable staying with "Uncle Emanual" anymore, but did not elaborate on why.

years old and ended when Ashley was nine. She was fifteen years old at the time she reported them.

¶3 Following a jury trial, Santana was convicted of count one related to the assaults that were alleged to have occurred on the "short couch" in the living room, not guilty on the remaining two counts, and was sentenced to thirty-nine years of imprisonment.[3]

¶4 Santana filed a postconviction motion alleging that his trial counsel was ineffective for failing to move to dismiss the criminal complaint on the basis that the time period alleged in the criminal complaint was too broad and indefinite to allow him to prepare a defense. He also alleged that the deficiencies in the criminal complaint must be addressed under the plain error doctrine. As described in his motion, his trial counsel had sought to dismiss the criminal charges by way of a motion *in limine* prior to trial, but the trial court denied trial counsel's motion on the basis that trial counsel failed to bring the motion in the proper form and at the appropriate time and, alternatively, because the State alleged the dates with as much specificity as possible. The postconviction court denied Santana's motion, without a hearing, and Santana appeals.

## DISCUSSION

¶5 "Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the right to effective assistance of

---

[3] The Honorable Mark A. Sanders presided over Santana's trial and sentencing, and entered the judgment of conviction. The Honorable Stephanie Rothstein denied Santana's postconviction motion. We refer to Judge Sanders as the trial court and Judge Rothstein as the postconviction court.

counsel." ***State v. Balliette***, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. A defendant must show two elements to establish that his or her counsel's assistance was constitutionally ineffective: (1) counsel's performance was deficient; and (2) the deficient performance resulted in prejudice to the defense. ***Id.*** "To demonstrate deficient performance, the defendant must show that his counsel's representation 'fell below an objective standard of reasonableness' considering all the circumstances." ***State v. Carter***, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695 (citation omitted).

¶6 "An ineffective assistance of counsel claim presents a mixed question of fact and law." ***State v. Pico***, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95. "We will not reverse the circuit court's findings of fact unless they are clearly erroneous." ***Id.*** "We independently review, as a matter of law, whether those facts demonstrate ineffective assistance of counsel." ***Id.***

¶7 In this case, Santana argues that his trial counsel was ineffective for failing to file a proper motion to dismiss the criminal charges filed against him on the basis that the time frame alleged in the criminal complaint was too broad and indefinite to allow him to prepare a defense. As Santana argues, the charges were deficient because they covered a one-year time frame, without more detail on the exact dates of the assaults, and the charges were filed six years after the assaults were alleged to have occurred. Whether the time period alleged in the criminal complaint is so broad and indefinite that it violates Santana's right to present a defense is "an issue of constitutional fact which we decide independently of the trial court's determination." ***State v. Fawcett***, 145 Wis. 2d 244, 249, 426 N.W.2d 91 (Ct. App. 1988).

¶8 "A criminal charge must be sufficiently stated to allow the defendant to plead and prepare a defense." *Id.* at 250. However, "[t]ime is not of the essence in sexual assault cases" and "proof of an exact date" is not required such that the date of the commission of the crime "need not be precisely alleged." *Id.* Moreover, in a case involving a child victim, "a more flexible application of notice requirements is required and permitted." *Id.* at 254.

¶9 To determine whether the charges are sufficiently stated, we examine several of the factors discussed in *Fawcett*:

> (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to have been discovered immediately; (4) the length of the alleged period of time in relation to the number of individual criminal acts alleged; (5) the passage of time between the alleged period for the crime and the defendant's arrest; (6) the duration between the date of the indictment and the alleged offense; and (7) the ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense.

*Id.* at 253. Applying these factors to this case, we conclude that Santana has been provided with sufficient notice to satisfy his due process right to plead and prepare a defense. Thus, his trial counsel cannot be considered deficient, and thus ineffective, for failing to bring a meritless motion. *See State v. Hurley*, 2015 WI 35, ¶53, 361 Wis. 2d 529, 861 N.W.2d 174.

¶10 Initially, citing *State v. R.A.R.*, 148 Wis. 2d 408, 435 N.W.2d 315 (Ct. App. 1988), Santana argues that the first three *Fawcett* factors do not apply in his case because he makes no claim that the State could have obtained a more specific time period through greater diligence. However, his argument is not a correct statement of the law—we are not prohibited from examining the first three

*Fawcett* factors because of how Santana chose to present his argument. *See State v. Kempainen*, 2015 WI 32, ¶¶18, 25-29, 361 Wis. 2d 450, 862 N.W.2d 587 (overruling that portion of *R.A.R.* that limited the analysis of the *Fawcett* factors). Accordingly, we decline to limit our analysis to the last four *Fawcett* factors, and we examine each factor in turn. We then conclude that the *Fawcett* factors indicate that the criminal complaint in this case is sufficient.

¶11 Under the first factor, we note that Ashley was eight and nine years old at the time of the alleged assaults, and we consider that her young age rendered her incapable of reporting the assaults or recalling back to the exact date. "Young children cannot be held to an adult's ability to comprehend and recall dates and other specifics." *Fawcett*, 145 Wis. 2d at 249. Moreover, due to the nature of child sexual assaults that often occur over a period of time and with a pattern of conduct, "a singular event or date is not likely to stand out in the child's mind." *Id.* at 254. Thus, this factor indicates that the one-year time frame for multiple assaults alleged in the criminal complaint is sufficient because "[a]t this young age it is highly unlikely that she could particularize the dates or the sequences in which the assaults occurred." *See Hurley*, 361 Wis. 2d 529, ¶42.

¶12 Turning to the second factor, the surrounding circumstances of being assaulted by her uncle while she is left at his house make it especially unlikely that Ashley would report the assaults immediately. As has been repeatedly recognized, the circumstances of a child being assaulted by a "trusted relative or friend" often times "serve[s] to deter a child from coming forth immediately." *Fawcett*, 145 Wis. 2d at 249; *see also Kempainen*, 361 Wis. 2d 450, ¶33 (addressing sexual assaults of a child by her stepfather saying, "A young girl in this situation would understandably be reluctant to tell anyone about the assaults at the time they occurred[.]"). Santana was a trusted relative in this situation and "held a position

6

of authority." *See* ***Kempainen***, 361 Wis. 2d 450, ¶33. Therefore, with the circumstances here involving a young child being assaulted by her uncle at the very place and with the very people with whom her mother entrusted her care, it is understandable that Ashley did not immediately come forward and was unable to provide more exact dates of the assaults at the time she came forward. *See* ***Hurley***, 361 Wis. 2d 529, ¶¶43-46. Thus, this factor indicates that the one-year time frame alleged in the complaint is sufficient.

¶13 Under the third factor, we recognize that the nature of this type of offense is not likely to be discovered immediately. "Sexual abuse and sexual assaults of children are difficult crimes to detect and prosecute. Often there are no witnesses except the victim." ***Fawcett***, 145 Wis. 2d at 249. Here, Santana's case is no different—his young niece was the only witness to the alleged assaults, and the discovery of this type of crime depended on her willingness to come forward and report her uncle. *See* ***id.*** at 254. Thus, the delay in bringing the criminal charges, and in turn her ability to recall exact dates, is understandable, and this factor also weighs in favor of the complaint being sufficient.

¶14 Considering the fourth factor, the length of time alleged in the complaint is one year, and there were multiple alleged acts of assault contained in the complaint. "It is [] unlikely that the assaults would have occurred at a specific time" and the circumstances of the assaults as part of Ashley's everyday life "do not indicate that they occurred in conjunction with a specific date that would have stood out in a child's mind." *See* ***Kempainen***, 361 Wis. 2d 450, ¶33. The assaults took place when Ashley was left in the care of family members. There is no reason to believe that the assaults would have been connected to anything that would have otherwise stood out in Ashley's mind to be able to provide more definite dates. Moreover, time is not a material element for the offenses charged

in the criminal complaint, and thus, it need not be more precisely alleged than it is. *See Fawcett*, 145 Wis. 2d at 250.

¶15     We next turn to the fifth and sixth factors.  As Santana contends, there was a significant amount of time that passed from the time of the alleged assaults in 2010 and 2011 until the criminal complaint was filed in 2018.  However, given the nature of this case, i.e., a child sexual assault, a gap between the time of the assaults and the time of the filing of the criminal complaint is a regular occurrence.  Indeed, greater gaps of time have been deemed acceptable due to the nature of child sexual assault cases.  *See Kempainen*, 361 Wis. 2d 450, ¶¶5, 35 (approving gaps of twelve and fifteen years).  Thus, "we must consider why the delay occurred and how it impacts [Santana]'s ability to prepare his defense." *See id.*, ¶36.  However, Santana provides nothing more than "a strictly mechanical and mathematical approach" by stating that the complaint alleges a one-year time frame and was brought six years after the alleged assaults occurred, and he does not articulate how his ability to present a defense has been impaired by the delay or the one-year time frame provided in the complaint.  *See Hurley*, 361 Wis. 2d 529, ¶¶50-51 ("[A] purely mathematical approach is impracticable when determining the overall reasonableness of the charging period.").  Thus, the time frame alleged in the complaint is sufficient under these two factors.

¶16     Finally, under the seventh factor, we consider the ability of Ashley to particularize the dates and times of the alleged assaults.  Here, she was able to allege where she was, what happened immediately prior to the assaults, and the order of events during the assaults.  For example, she articulated that she was watching Sesame Street just prior to the assault that occurred on the "short couch" and that Santana told her to bend over, he pulled her pants down instead of taking them off, and he bent her over the couch.  She also articulated that she was

sleeping in the attic and Santana woke her up to assault her. The details that she was able to provide regarding the specific acts done to her "indicates that [she] was able to identify the time of day and the nature of the alleged assaults with reasonable certainty." *See Kempainen*, 361 Wis. 2d 450, ¶40. This factor, thus, indicates that the criminal complaint is sufficient.

## CONCLUSION

¶17　We conclude that overall, the *Fawcett* factors demonstrate that the criminal complaint in Santana's case provided sufficient notice of when the alleged crimes occurred, and thus, was sufficient to allow Santana to prepare and present a defense. Consequently, trial counsel's performance cannot be considered deficient for failing to bring what would have been a meritless motion, and we reject Santana's argument to the contrary. *See State v. Wheat*, 2002 WI App 153, ¶14, 256 Wis. 2d 270, 647 N.W.2d 441 ("Failure to raise an issue of law is not deficient performance if the legal issue is later determined to be without merit."); *see also State v. Ziebart*, 2003 WI App 258, ¶14, 268 Wis. 2d 468, 673 N.W.2d 369 (stating that "a claim predicated on a failure to challenge a *correct* trial court ruling cannot establish either" deficiency or prejudice). Without being able to prove deficient performance on the part of his trial counsel, Santana's claim of ineffective assistance of counsel fails, and the postconviction court did not err by denying Santana's motion. *See State v. Johnson*, 2004 WI 94, ¶11, 273 Wis. 2d 626, 681 N.W.2d 901.[4]

---

[4] We similarly reject Santana's argument that the plain error doctrine requires reversal because no error, plain or otherwise, occurred, and we do not address Santana's argument on the plain error doctrine further. *See State v. Jorgensen*, 2008 WI 60, ¶¶20-23, 310 Wis. 2d 138, 754 N.W.2d 77.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.